[No. 2,873.]

# MANUEL LORENZANA, AND JOSEFA G. LOREN-ZANA, HIS WIFE, v. JUAN CAMARILLO.

GRANTING NEW TRIAL.—The granting of a new trial on the ground that the verdict of the jury was against the admissions of the defendant, who was called as a witness, is a decision of the Court that the evidence was insufficient to justify the verdict.

REVERSING ORDER GRANTING NEW TRIAL.—If the Court below grants a new trial on the ground that the evidence is insufficient to justify the verdict, the appellate Court will not reverse the order, except in case of an evident abuse of discretion.

APPEAL from the District Court of the First Judicial District, Santa Barbara County.

This was an action to be allowed to redeem about four hundred and sixty-seven acres of land, the separate property of Josefa G. de Lorenzana, one of the plaintiffs. The plaintiffs had made a loan of money from the defendant, and, to secure the same, had given him a mortgage on the land. When the mortgage fell due it was canceled, and the plaintiffs executed to the defendant a deed of the land. It was alleged that the deed was intended as a mortgage to secure the old debt.

The question was submitted to the jury in this form: "Was the deed intended between the parties to be a mortgage, or an absolute conveyance?". The verdict of the jury was: "We, the jury, find the deed between the parties to be an absolute deed." The verdict, it will be observed, does not answer the question put to the jury, so far as the *intention* of the parties was concerned.

The defendant appealed from the order granting a new trial.

The other facts are stated in the opinion.

*Haymond & Stratton,* and *A. Packard,* for Appellant, argued, that the Judge had not disturbed the verdict because it was

against the weight of evidence, but because the verdict was not responsive to the issues submitted, in this: that it had not found what was the intention of the parties to the deed; and that as the Court below had in effect held that the testimony justified the verdict, but had granted a new trial upon grounds not assigned in the statement, the order should be reversed.

*Pringle & Pringle*, and *Fernald & Richards*, for Respondents.

-One of the grounds on which a new trial was granted was the insufficiency of the evidence to justify the verdict. The only inaccuracy of the Court below, if indeed it be an inaccuracy, is that instead of stating broadly the ground of insufficiency of the evidence to justify the verdict, it specifies the particulars in which the evidence is insufficient.

By the Court, CROCKETT, J.:

The question at issue in this cause was whether a deed made by the plaintiffs to the defendant was intended as a mortgage, or as an absolute conveyance in fee. At the trial the Court submitted this question to a jury. The verdict was: "We, the jury, find the deed between the parties to be an absolute deed." The plaintiffs moved for a new trial, assigning as one of the grounds therefor that the evidence was insufficient to justify the verdict, and specifying in the statement the particulars wherein it was insufficient. On the hearing of the motion the Court granted a new trial, assigning as one of the reasons therefor that the verdict is defective and not responsive to the issue, "and against the admissions of the defendant, who was called as a witness."

It is too plain to admit of debate that the motion was granted partly on the ground that the evidence was insufficient to justify the verdict. In holding that the verdict was

"against the admissions of the defendant, who was called as a witness," the Court clearly intended to say that these admissions furnished strong, if not conclusive evidence, that the verdict was erroneous; or in other words, that it was not justified by the evidence; and in this opinion we fully agree with the Court below. But if we did not, we would not disturb the order of the Court granting a new trial on this ground, except in the case of an evident abuse by the Court of its discretion.

Order granting a new trial affirmed.