[No. 14283.  Department Two. — July 8, 1892.]

C. A. FOX, Appellant, *v.* SOUTHERN PACIFIC COMPANY, Respondent.

Appeal — Review of Order Granting New Trial — Error in Refusing Nonsuit — Insufficiency of Evidence — Discretion. — Where the court grants a new trial to the defendant, upon the ground that it erred in denying two motions of the defendant for a nonsuit, one made when the plaintiff's case was rested, and the other made after all the evidence was closed, and before the submission of the case to the jury, the new trial is practically granted for insufficiency of the evidence to justify the verdict for the plaintiff, and the order granting it will not be reversed upon appeal, if no abuse of discretion appears.

Id. — Nonsuit after Submission of Cause. — The court is justified in granting the defendant's motion for a nonsuit, after the evidence on both sides has been heard, where, if the motion had been denied and a verdict found for the plaintiff, it would have been set aside as not supported by but contrary to the evidence.

Appeal from an order of the Superior Court of Los Angeles County granting a new trial.

The fact are stated in the opinion of the court.

*William T. Kendrick*, and *J. C. Rives*, for Appellant.

*John D. Bicknell*, for Respondent.

McFarland, J. — The verdict and judgment were for plaintiff; on motion of defendant, the court below granted

a new trial, and plaintiff appeals from the order granting said motion.

The motion was made upon nearly all the statutory grounds, including insufficiency of the evidence to justify the verdict. The order granting the motion is as follows: "Defendant's motion for a new trial granted upon the following grounds, to wit: 1. Court erred in overruling motion for nonsuit, made when plaintiff rested her case, and before any evidence was introduced by defendant; 2. That the court erred in overruling defendant's motion for nonsuit, made after the evidence was closed, and before said cause was submitted to the jury."

If the court had merely granted the new trial without stating the grounds upon which it was granted, or if "insufficiency of the evidence to justify the verdict" had been stated as one of the grounds, it is probable that this appeal would never have been taken; for in that event, it could not have been argued with any plausibility that setting aside the verdict for want of evidence was an abuse of discretion. But practically and substantially, the court did grant a new trial on the ground of the insufficiency of the evidence to justify the verdict, although the judgment of the court to that effect was expressed in the round-about way of holding that the motions for nonsuit should have been granted. If the court believed that the evidence for plaintiff was insufficient to justify the verdict in her favor, and that therefore the first motion for a nonsuit should have been granted, it must necessarily have believed that all the evidence in the case was insufficient to justify such a verdict; for clearly what was introduced after plaintiff had closed her evidence in chief did not in any way strengthen her case. But there was a second motion for nonsuit made after all the evidence was in, and the rule with respect to such a motion is, that "a court is justified in granting defendant's motion for nonsuit, after the evidence on both sides has been heard, in a case where, if the motion had been denied and a verdict

found for plaintiff, it would have been set aside as not supported by but contrary to the evidence." (*Geary* v. *Simmons*, 39 Cal. 224.) Practically, therefore, the real question in the case at bar is whether or not the court abused its discretion in holding that the evidence was insufficient to support the verdict; and it is clear to us, from an examination of the evidence, that this question must be answered in the negative.

The order appealed from is affirmed.

DE HAVEN, J., and SHARPSTEIN, J., concurred.

Hearing in Bank denied.