[Civ. No. 5722.   Third Appellate District.—May 21, 1937.]

LUCERNE COUNTRY CLUB (a Corporation), Appellant,
v. F. E. BEAL et al., Respondents.

Lovett K. Fraser for Appellant.

Charles N. Douglas for Respondents.

PLUMMER, J.—The plaintiff by this action sought to recover from the defendants the sum of $3,329.38.   The de-

fendants in their answers denied any indebtedness to the plaintiff. In addition to filing answers denying the allegations of the plaintiff's complaint, the respective defendants filed counterclaims and cross-complaints. Save and except as to the defendant R. J. Palmer, the judgments entered in this action are not involved upon this appeal.

In addition to his answer denying the allegations of the plaintiff's complaint, the defendant R. J. Palmer filed a counterclaim and cross-complaint. In both the counterclaim and the cross-complaint the defendant R. J. Palmer set up an alleged contract of employment by the Lucerne Country Club, in which it was alleged that the plaintiff had become indebted, and was indebted to the defendant Palmer in the sum of $4,985.19. The original amount was somewhat in excess thereof, but upon which indebtedness the cross-complaint admitted a payment of $229.31.

The judgment entered by the court was to the effect that Palmer was indebted to the plaintiff in the sum of $229.31. The court further found that the plaintiff was not indebted to Palmer in any sum whatever. In its findings that the plaintiff was not indebted to Palmer no direct mention is made of the cross-complaint filed by the defendant Palmer. The conclusions of law are likewise in the language of the findings so far as the defendant Palmer is concerned, and read as follows:

"The court finds that defendant R. J. Palmer is not entitled to recover any judgment against plaintiff."

The judgment entered makes no reference whatever to the cross-complaint filed by the defendant Palmer, or as to whether Palmer was entitled to a judgment for any sum whatsoever. The judgment in this respect is in these words:

"It is further ordered, adjudged and decreed that the plaintiff have judgment against the defendant R. J. Palmer, in the sum of $229.31."

Thus it appears that no judgment whatever was entered denying Palmer relief upon his cross-complaint.

Following the entry of judgment the defendant Palmer made a motion for a new trial. In this motion all of the six grounds mentioned in section 657 of the Code of Civil Procedure were set forth. The motion of the defendant Palmer for a new trial was granted, and in granting the same the

court made the following order which we set forth in full, omitting the title:

"In the above entitled matter the defendant and cross-complainant R. J. Palmer duly and regularly noticed a motion for a new trial on the issues made by his cross-complaint in said matter, which said motion came on regularly for hearing on the 20th day of March, 1936, said cross-complainant being represented by Chas. N. Douglas, and the plaintiff and cross-defendant being represented by its attorney, Lovett K. Fraser; and it further appearing that said action was tried before the court without a jury on the 5th day of December, 1935, and that in the judgment made and rendered herein it was adjudged and decreed that the plaintiff have judgment against defendant R. J. Palmer in the sum of $229.31, and the said cross-complainant R. J. Palmer was denied any relief against the said plaintiff and cross-defendant and said motion having been submitted and duly considered by the court,

"It is now, therefore, ordered that said judgment be, and the same is hereby, vacated as to all issues made by the said cross-complaint of the said R. J. Palmer and the answer thereto, and particularly that part of said judgment which was made and entered in the above entitled court on the 14th day of February, 1936, wherein and whereby it was adjudged and decreed that the plaintiff have judgment against the said R. J. Palmer in the sum of $229.31, and denying relief to the said R. J. Palmer on the issues made by his cross-complaint.

"It is further ordered, adjudged and decreed that a new trial be, and the same is hereby granted as to all issues made by the said cross-complaint of the said R. J. Palmer and the answer thereto."

From this order the plaintiff has appealed and presented for our consideration a brief in support of such appeal, but a careful consideration of that brief fails to disclose any errors on the part of the court in entering the order above referred to. The brief does take up and consider some questions as to the sufficiency of the answer filed by the plaintiff to Palmer's cross-complaint, based upon a remark of the trial court during the consideration of the cause, to the effect that the court doubted the sufficiency of the answer. It has been so frequently held that remarks of the trial court of like

character, during the progress of the trial, furnish no basis for either supporting or setting aside an order of the court subsequently made, that citation of authorities are unnecessary.

■ The circumstances presented by the record in this cause are similar in want of facts to the circumstances presented in the case of *Weaver* v. *Shell Oil Co. of California*, 129 Cal. App. 232 [18 Pac. (2d) 736], where the law is clearly stated that the presumption in favor of the correctness of the court's order granting a new trial is set forth, to wit: "At the outset we may state that appellants' opening brief is inadequate to show error in the order granting the new trial. It is well settled that upon an appeal from an order granting a new trial, the presumption is in favor of the order and against the verdict. (*Wulbern* v. *Gilroy Express*, 116 Cal. App. 222 [2 Pac. (2d) 508]; *Scott* v. *Southern Pac. Co.*, 100 Cal. App. 634 [280 Pac. 996]; *Roberts* v. *Southern Pac. Co.*, 54 Cal. App. 315 [201 Pac. 958]; *Marr* v. *Whistler*, 49 Cal. App. 364 [193 Pac. 600]; 2 Cal. Jur. 887), and the order will be affirmed if it may be sustained on any ground. (*Tasker* v. *Cochrane*, 94 Cal. App. 361 [271 Pac. 503]; 2 Cal. Jur. 891.)" In this connection we may further add that numerous cases might be cited to the effect that the burden is upon the appellant to show error. ■ It is likewise held that where a motion for new trial is granted in general terms, if any of the grounds set forth in the motion are sufficient to sustain the order, the order granting a new trial will not be disturbed upon appeal. This applies save and except when a new trial is granted upon the grounds of insufficiency of the evidence to sustain the verdict, the order shall so specify. (*Tasker* v. *Cochrane*, 94 Cal. App. 361 [271 Pac. 503].) In that case the order granting the motion for new trial is as follows:

"The motion for a new trial having heretofore been submitted, the court at this time grants the motion for a new trial."

See, also, *Petroff* v. *Nunes*, 136 Cal. App. 416 [29 Pac. (2d) 293].

■ As we read the evidence set out in the transcript the findings and judgment of the court were based principally upon the question as to whether a certain director of the Lucerne Country Club, a corporation, was present at a

meeting shown by the minutes of the corporation to have been held on the 28th day of December, 1933, in the city of Los Angeles. The testimony in support of the finding of the court that a director named Mrs. D. M. Beal was not present at the time of the meeting is based upon testimony which simply fails to show a recollection on her part as to whether she was or was not present at such meeting. The record contains no testimony otherwise tending to impeach the minutes of the corporation which notes her presence at the meeting held at the place and on the date mentioned. At that meeting the compensation of R. J. Palmer was fixed by resolution of the board of the corporation then and there adopted and spread upon its minutes. This reference to the testimony shows that it is a very serious question as to whether the findings and judgment are supported by the testimony, and if not supported by the testimony, can the order of the trial court be supported on that ground upon this appeal, not to mention any of the other grounds upon which the motion for a new trial was based? It thus becomes necessary to consider the nature of the order. That it was not a general order is readily apparent by reference to the last paragraph therein, which reads as follows:

"It is further ordered, adjudged and decreed that a new trial be, and the same is hereby granted as to all issues made by the said cross-complaint of the said R. J. Palmer and the answer thereto."

In *Tasker* v. *Cochrane, supra,* this court had before it a definite language which constitutes a general order. As heretofore shown, the language of the order was simply: "The court at this time grants the motion for a new trial." No reference is there made to any specific issues or facts upon which the order was based, or to any specific issues or facts to which the subsequent trial was to be directed.

In the case of *Lewis* v. *Southern California Edison Co.,* 116 Cal. 44 [2 Pac. (2d) 419], a distinction was drawn between the general order mentioned in the Cochrane case, *supra,* and the order there under consideration. In the Lewis case the order read: "Motion for new trial on the part of defendants having heretofore been heard and submitted, it is ordered that the said motion be granted on all the grounds stated in the notice of intention to move for a new trial." The motion for a new trial set forth all six grounds. Upon

a consideration of an order worded as we have just set forth, the court held that it was not a general order, and under such an order, any of the grounds, including the insufficiency of the evidence, might be considered by the appellate court in supporting the order so made. It may also be mentioned that a hearing of said cause was denied by the Supreme Court after judgment in the District Court of Appeal. The order in the instant case is likewise not a general order. While it does not directly refer to any of the six grounds upon which the motion for a new trial was based, it does grant a new trial as to all the issues made by the cross-complaint and the answer thereto. All of the issues made by the cross-complaint and the answer thereto, and all the facts involved or tendered by the pleadings mentioned, which necessarily includes whatever testimony may be offered to support the issues there tendered and the facts to be determined by the trial court which, as has been determined in a case about to be cited, is tantamount to granting a new trial on account of the insufficiency of the testimony to support the facts as theretofore found upon the issues tendered by such pleadings.

It may be here added that the findings, conclusions of law and judgment do not in direct terms refer to the cross-complaint or the issues there tendered.

If the language used by the trial court is susceptible of being interpreted as being tantamount to granting a new trial on account of the insufficiency of the evidence, it is unnecessary to use the exact language found in subdivision 7 of section 657, *supra,* and an appellate court may properly look into the testimony to determine whether the order should or should not be upheld. That language used in the order bearing the same import and conveying the same idea as the specific language set forth in subdivision 7 of section 657, *supra,* is sufficient, has been directly upheld in the case of *Griffey* v. *Pacific Electric Ry. Co.,* 58 Cal. App. 509 [209 Pac. 45]. (Hearing denied by the Supreme Court.) We quote therefrom as follows:

"Because the order granting a new trial did not state in so many words that it was granted upon the insufficiency of the evidence to sustain the verdict, it is claimed that it must be presumed, on this appeal, that the evidence was sufficient to sustain the verdict for the full amount thereof—ten thousand dollars. This claim is based upon that provi-

sion of section 657 of the Code of Civil Procedure which, since the amendment of 1919 (Stats. 1919, p. 141), reads: 'When a new trial is granted upon the ground of insufficiency of the evidence to sustain the verdict, the order shall so specify; otherwise, on appeal from such order it will be presumed that the order was not based upon that ground.'

"By subdivision 5 of section 657, 'excessive damages, appearing to have been given under the influence of passion or prejudice', is made one of the grounds for a new trial; and by subdivision 6, 'insufficiency of the evidence to justify the verdict', is made another ground for a new trial. An order granting a new trial on the ground of 'excessive damages' necessarily is made under one or the other of these two subdivisions. Whether the order in the instant case was made under subdivision 6, that is, whether it was made on the ground that, irrespective of any passion or prejudice, the evidence fails to show that the pecuniary loss suffered by plaintiffs amounted to ten thousand dollars, or whether it was made under subdivision 5 on the ground that the verdict was influenced by passion and prejudice, in either case the statement in the order that it is made on the ground of 'excessive damages' is tantamount to a specification that the new trial was granted on the ground of the insufficiency of the evidence to sustain a verdict of ten thousand dollars. If a new trial on the ground of 'excessive damages' be granted under the sixth subdivision, it necessarily is granted on the ground of the insufficiency of the evidence to sustain a verdict for the amount awarded by the jury. If it be granted under the fifth subdivision, it is equally true that it is granted on the ground of the insufficiency of the evidence to sustain a verdict for an amount as great as that returned by the jury; for, as our Supreme Court has pointed out, to say that a verdict has been influenced by passion or prejudice is but another way of saying that it exceeds any amount justified by the evidence. (*Doolin* v. *Omnibus Cable Co.*, 125 Cal. 141, 144 [57 Pac. 774]; *Graybill* v. *De Young*, 140 Cal. 323, 327 [73 Pac. 1067]; *Zibbell* v. *Southern Pac. Co.*, 160 Cal. 237, 254 [116 Pac. 513]. See, also, *Meinberg* v. *Jordan*, 29 Cal. App. 760, 762 [157 Pac. 1005].) For these reasons there is no merit in the claim that on this appeal we are precluded from determining whether the trial court abused its

discretion in granting a new trial on the ground that the damages are excessive.''

That what we have said is a reasonable interpretation of subdivision 7 of section 657, *supra,* is reinforced by the fact that the order of the court is intended to convey to all parties just what is to be presented for consideration upon a new trial, to wit: The issues tendered by the pleadings, and whether the facts set forth in the cross-complaint and the answer may or may not be supported by the testimony. That, we conclude to be the intent of the legislature conveyed by the language used in subdivision 7, *supra,* to wit: sufficiency of the testimony.

The order is affirmed.

Pullen, P. J., and Thompson, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 21, 1937.