[Civ. No. 17094. Second Dist., Div. Three. Feb. 6, 1950.]

PIRU CITRUS ASSOCIATION (a Corporation), Plaintiff and Appellant, v. CLYDE WILLIAMS et al., Defendants and Appellants.

John A. Galvin and William T. Selby for Plaintiff and Appellant.

James C. Hollingsworth and Don R. Holt for Defendants and Appellants.

VALLÉE, J.—Appeal by defendants from an order granting a new trial in an action for liquidated damages for breach of a cooperative marketing agreement.

The cause was tried by a jury which rendered a verdict for defendants. Thereafter, upon motion of plaintiff, the court made the following order granting a new trial:

"In 1947 the defendants, husband and wife, purchased a citrus ranch in the vicinity of Piru in Ventura County. They also purchased 289 shares of the capital stock of the plaintiff. Plaintiff is a cooperative marketing association.

"Prior to the purchase of the stock, defendants' predecessor owner of the property had been a shareholder in the plaintiff Association and had delivered his fruit to the Association as such shareholder.

"The stock purchase was represented by defendant, Clyde Williams, signing an original copy of the bylaws and a promissory note for a balance of $430.00 due upon the stock by the former owner of the real property. This was January 4, 1947. The stock certificate was issued on the same day and was retained by the Association as collateral security for the payment of the note.

"The defendant testified that he did not read either the note or the bylaws, and that at the time he signed them he stated to the gentleman who prepared the documents for the Association, 'You are not going to handle this fruit.' He further testified that the reason he signed the bylaws and the note was that he wanted to salvage something out of the stock but that otherwise he had no use for it.

"Shortly after the stock was purchased, defendant caused a letter to be written to the Association by his attorney advising the Association to stay off the property. No service was rendered by the Association, and no crops were taken off the property by the Association.

"On December 27, 1947, the defendant paid the balance due on the promissory note and the certificate of stock was delivered to him by the Association.

"The bylaws of the Association provide that no person who does not own citrus acreage may own stock; each shareholder

agrees to deliver all marketable citrus fruit to the Association grown and matured upon his land, and the Association is empowered to pick, handle and market the crops. After sale of the fruit, the shareholder receives his pro-rata part of the proceeds of sale less costs of picking, processing and marketing. Liquidated damages at the rate of 25 cents per picked box are fixed, in the event of failure on the part of the shareholder to deliver fruit in accordance with the bylaws.

''This action was brought upon the liquidated damage clause. Trial was by jury, and verdict for the defendant. Motions for directed verdict and judgment notwithstanding the verdict were made and denied.

''On this motion for a new trial it is argued that [as] a matter of law the defendant could not at the same time sign the bylaws and the promissory note and repudiate the agreement therein expressed. I am of the opinion that this contention is correct, taking into consideration the testimony and admissions in the pleadings. Therefore the motion for a new trial is granted.''

Defendants appeal from this order. Plaintiff appeals from an order denying its motion for a directed verdict, from an order denying its motion for judgment notwithstanding the verdict, and from the judgment.

The defendants' principal point is that the order granting the new trial does not specify insufficiency of the evidence to sustain the verdict as a ground upon which the new trial was granted; hence it must be conclusively presumed that it was not based upon that ground, and as there was no other valid ground upon which it could be based, it must be reversed. (Code Civ. Proc., § 657.)

 We think it sufficiently appears from the order that it was based upon the ground of insufficiency of the evidence to sustain the verdict. The statute does not require that the order specify insufficiency of the evidence to sustain the verdict in any particular words or language. If the language used is susceptible of being interpreted as tantamount to granting a new trial on account of the insufficiency of the evidence to sustain the verdict, or if it may be inferred from the language used that such was the ground upon which the order was made, it is uniformly held to have been based upon that ground. Where the nature of the order itself necessarily implies that the trial court deemed it necessary to reexamine the facts, a statement in the order that the evidence is insufficient is not essential. When the order granting the

motion goes beyond a mere general order (a new trial is granted) and uses any language that reasonably can be construed as including insufficiency of the evidence, the language will be interpreted as including that ground.

The following cases enunciate the foregoing rules and hold that the orders specified were based upon the ground of the insufficiency of the evidence to sustain the verdict: *Griffey* v. *Pacific Electric Ry. Co.*, 58 Cal.App. 509, 512 [209 P. 45] ("on the ground of excessive damages") ; *Beckley* v. *Harris*, 84 Cal. App. 557, 558 [258 P. 428] ("granted upon all the grounds stated in the notice of intention to move for a new trial in the files and minutes of the court") ; to the same effect, *Lewis* v. *Southern California Edison Co.*, 116 Cal.App. 44, 49 [2 P.2d 419] ; *Lucerne Country Club* v. *Beal*, 21 Cal.App.2d 121, 123 [68 P.2d 408] ("that a new trial be, and the same is hereby granted as to all issues made by the said cross-complaint of the said R. J. Palmer and the answer thereto") ; *Secreto* v. *Carlander*, 35 Cal.App.2d 361, 363 [95 P.2d 476] ("If defendant files a written consent that the Verdict and Judgment on behalf of the minor Lois Jean Secreto, be amended so as to award said plaintiff $1200.00 instead of $150.00, the motion for a new trial will be denied; otherwise the motion will be granted") ; *Bayley* v. *Souza*, 42 Cal.App.2d 166, 167 [108 P.2d 725] ("It is ordered by the Court that plaintiffs' motion for new trial as to defendant George A. Souza be and the same is hereby granted on all issues").

In *Estate of Bainbridge,* 169 Cal. 166, the court stated, page 169 [146 P. 427] : "In the determination of a motion for a new trial, the verdict should be set aside if, in the opinion of the trial court, it is not supported by sufficient evidence; and this is equally true whether there be an absence of evidence or that the evidence received, in the individual judgment of the trial judge, is lacking in probative force to establish the proposition of fact to which it is addressed. This is the meaning of the terms 'insufficiency of evidence' (Code Civ. Proc., sec. 657, subd. 6) and '. . . contrary to . . . evidence' (Pen. Code, sec. 1181, subd. 6)." Insufficiency of the evidence means want of evidence, as well as contrary to the weight of evidence. (*Southern Pacific Land Co.* v. *Dickerson,* 188 Cal. 113, 117 [204 P. 576].) "The term 'insufficiency of the evidence' means either an absence of evidence or that the evidence admitted at the trial is lacking in probative force to establish the proposition of fact to which it is addressed." (*Mosekian* v. *Ginsberg,*

122 Cal.App. 774, 777 [10 P.2d 525].) ■ A new trial granted upon the ground the verdict is against admissions of a party who was called as a witness is granted upon the ground that the evidence was insufficient to justify the verdict. (*Lorenzana* v. *Camarillo,* 41 Cal. 467.) ■ Where the court grants a new trial to a defendant upon the ground that it had erred in denying motions for judgment of nonsuit, it is practically and substantially granted for insufficiency of the evidence. (*Fox* v. *Southern Pacific Co.,* 95 Cal. 234 [30 P. 384].) An order granting a new trial upon ''the ground alone of plaintiff's contributory negligence'' is in effect ''an order granting the motion upon the ground that the evidence was insufficient to justify the implied finding of the jury that the plaintiff was not guilty of negligence which caused or contributed proximately to the accident and injury.'' (*McNeely* v. *Hill,* 52 Cal.App. 184, 186 [198 P. 427].)

■ The order under review was not a general order. It was a special order. The testimony of the defendant is recited. It is stated that upon the motion for a new trial it was argued that as a matter of law the defendant could not at the same time sign the by-laws and the promissory note and repudiate the agreement expressed therein. The court says that ''taking into consideration the testimony and admissions in the pleadings'' this contention is correct. In other words, the verdict for the defendants is contrary to the evidence. The order is reasonably subject to the construction that it was based upon the ground of the insufficiency of the evidence to sustain the verdict.

No claim is made that the court abused its discretion in granting the motion if in fact the order was based upon the ground of the insufficiency of the evidence to sustain the verdict. Defendants concede that the evidence was conflicting. ■ An order granting a new trial will not be reversed except upon a showing of a clear abuse of discretion. (*Brooks* v. *Metropolitan Life Ins. Co.,* 27 Cal.2d 305, 307 [163 P.2d 689]; *Busby* v. *Silverman,* 82 Cal.App.2d 393, 394 [186 P.2d 442].)

*Thomas* v. *Driscoll,* 42 Cal.App.2d 23 [108 P.2d 43], relied on by defendants, is not analogous. The order in that case was general. It was ''Motion of plaintiffs for a new trial heretofore made is granted.''

■ We next consider plaintiff's appeal from the order denying its motion for judgment notwithstanding the verdict. Defendants pleaded that plaintiff is estopped to assert any claim against them. The evidence on this issue was conflicting.

We cannot hold that the court erred in denying the motion.
Since an order denying a motion for a directed verdict is nonappealable (*Estate of Alegria,* 87 Cal.App.2d 645, 659 [197 P.2d 571]), the plaintiff's appeal from that order is dismissed. In view of our conclusion that the order granting a new trial must be affirmed, the plaintiff's appeal from the judgment is moot and is dismissed.

The order denying the motion for judgment notwithstanding the verdict is affirmed. The order granting a new trial is affirmed.

Shinn, P. J., and Wood, J., concurred.