[Civ. No. 20687. Second Dist., Div. Two. Nov. 10, 1955.]

LEONA ETHEL LEGG, Plaintiff and Appellant, v. MUTUAL BENEFIT HEALTH AND ACCIDENT OF OMAHA (an Association), Defendant and Appellant.

[Civ. No. 20952. Second Dist., Div. Two. Nov. 10, 1955.]

LEONA ETHEL LEGG, Appellant, v. MUTUAL BENEFIT HEALTH AND ACCIDENT OF OMAHA (an Association) et al., Respondents.

Leona Ethel Legg, in pro. per., for Plaintiff and Appellant in No. 20687 and Appellant in No. 20952.

J. Edward Haley for Defendant and Appellant in No. 20687 and Respondents in No. 20952.

FOX, J.—Defendant appealed from an order granting a motion for a new trial. Plaintiff thereupon appealed from the judgment. (There is another appeal by plaintiff which will be discussed later.)

Plaintiff brought this action to recover monthly disability benefits under a health and accident policy issued to her by defendant on November 7, 1944. Plaintiff alleged that on February 6, 1947, while the policy was in force, she fell in

attempting to board a streetcar, suffering injuries that resulted in her total disability which had continued for such period that she was entitled to the total monthly disability indemnity provided by the policy. The company admitted the issuance of the policy but denied plaintiff suffered disability as alleged by her, and, as an affirmative defense, alleged the policy lapsed on December 1, 1946, by reason of nonpayment of premium.

The jury returned a verdict in favor of plaintiff for $100. In response to special interrogatories, the jury found that the policy was in force on February 6, 1947, and that plaintiff was wholly and continuously disabled by reason of the accident from February 6 to February 28, 1947.

Plaintiff made a motion for a new trial upon a number of the grounds specified in section 657, Code of Civil Procedure, among them being the insufficiency of the evidence. The court granted the motion, the minute order reading as follows:

"Plaintiff's motion for a new trial heretofore submitted on February 10, 1954, is granted as to *all* issues. . . ."

There is substantial evidence that plaintiff's injuries were serious and disabled her for a much longer period than the approximate three weeks fixed by the jury. Defendant concedes the evidence is conflicting.

■ Although section 657, Code of Civil Procedure, which states the grounds upon which a motion for a new trial may be granted, does not expressly include the ground of inadequacy of damages, the cases have established that "A new trial may be granted upon the ground of insufficiency of the evidence for the reason that the damages awarded are inadequate." (*Harper* v. *Superior Air Parts, Inc.,* 124 Cal. App.2d 91, 92 [268 P.2d 115]; *Franklin* v. *Bettencourt,* 16 Cal.App.2d 511, 514 [60 P.2d 1017].)*

Defendant, however, points out that the order granting the new trial does not specifically mention insufficiency of the evidence to sustain the verdict as a ground upon which the new trial was granted; therefore, he argues, it must be conclusively presumed that the order was not based upon that ground, and as there was no other valid ground upon which it could be based, it must be reversed.

---

*A new trial may be granted for excessive damages without specifying insufficiency of the evidence as a ground for making the order. (*Sinz* v. *Owens,* 33 Cal.2d 749, 760 [205 P.2d 3, 8 A.L.R.2d 757]; *Lovett* v. *Dintzer,* 131 Cal.App.2d 165, 166 [280 P.2d 58]; Code Civ. Proc., § 657(5).)

■ It is well settled that when the order provides simply that a new trial is granted, such order is a general one and does not include insufficiency of the evidence. (*Tasker* v. *Cochrane,* 94 Cal.App. 361 [271 P. 503].) ■ "The statute," however, "does not require that the order specify insufficiency of the evidence to sustain the verdict in any particular words or language. If the language used is susceptible of being interpreted as tantamount to granting a new trial on account of the insufficiency of the evidence to sustain the verdict, or if it may be inferred from the language used that such was the ground upon which the order was made, it is uniformly held to have been based upon that ground. ■ Where the nature of the order itself necessarily implies that the trial court deemed it necessary to re-examine the facts, a statement in the order that the evidence is insufficient is not essential. ■ When the order granting the motion goes beyond a mere general order (a new trial is granted) and uses any language that reasonably can be construed as including insufficiency of the evidence, the language will be interpreted as including that ground." (*Piru Citrus Assn.* v. *Williams,* 95 Cal.App.2d 911, 914-915 [214 P.2d 426].)

■ The precise question here presented was passed upon in *Bayley* v. *Souza,* 42 Cal.App.2d 166, 170 [108 P.2d 725.] (Hearing denied.) The order in that case stated that the motion for a new trial was granted "on all issues." In construing that language, the court said: "These cases demonstrate that the order here involved, granting the new trial 'on all issues,' is susceptible of the reasonable interpretation that the trial court intended by that language to include insufficiency of the evidence. What else can the expression 'on all issues' mean? It must mean either all issues presented by the pleadings, which would include the issues of negligence of appellant and contributory negligence of respondent, and the sufficiency of the evidence to support the implied finding of the jury on these issues, or it must mean all issues presented by the motion for a new trial, one of which was the sufficiency of the evidence. In either event, under the cases cited, such order is not a general order, but must be interpreted as including a reference to insufficiency of the evidence within the meaning of section 657 of the Code of Civil Procedure." In *Lucerne Country Club* v. *Beal,* 21 Cal. App.2d 121, 125 [68 P.2d 408], a new trial was granted "as to all issues made by the said cross-complaint of the said

R. J. Palmer and the answer thereto." It was there held that the order, properly interpreted, included insufficiency of the evidence. (See also *Piru Citrus Assn.* v. *Williams, supra,* and digest of cases at p. 915.)

Under these authorities, and particularly *Bayley* v. *Souza, supra,* since the order is not a general one, it must be interpreted as encompassing a reference to insufficiency of the evidence within the meaning of section 657, Code of Civil Procedure.

When the order is considered from the viewpoint of the insufficiency of the evidence, it is clear it must be sustained for there was a considerable amount of testimony indicating that plaintiff was severely injured and that her disability continued for quite some time. In passing on such a motion "the trial judge is entitled to reweigh the evidence and exercise his independent judgment thereon and if he concludes that the damages awarded do not adequately compensate for the injuries sustained, he may grant a new trial." (*Harper* v. *Superior Air Parts, Inc., supra,* p. 94.)

It is also pointed out in the case last cited (p. 92) that "Upon a motion for a new trial based upon the contention that damages are inadequate the trial court should review the evidence, not only with respect to the issue of damages but also with respect to the issue of liability."

Since an order granting a motion for a new trial rests in the sound discretion of the trial court, an appellate court will not interfere unless an abuse of discretion clearly appears. (*Ballard* v. *Pacific Greyhound Lines,* 28 Cal.2d 357, 358 [170 P.2d 465].) No abuse of discretion is indicated in this case.

The affirmance of the order granting plaintiff a new trial renders her appeal from the judgment moot. That appeal will therefore be dismissed.

Plaintiff's second appeal is from an order of July 19, 1954, denying her application for a default judgment against the defendants, viz., Mutual Benefit and Accident of Omaha and United Benefit Life Insurance Company of Omaha, on her original complaint herein which was filed on February 11, 1948. She filed an amended complaint on March 5, 1948, in which Mutual alone was named as a defendant, United having been dropped from the case. Mutual filed an answer to this amended complaint on March 15, 1948. (After the sixth amended and supplementary complaint and answer thereto were filed the case was tried in January, 1954, resulting in the judgment and order for a new trial herein reviewed.)

 It is apparently plaintiff's theory, based on section 585, Code of Civil Procedure, that upon the expiration of 10 days after service of summons on the defendants and their failure to appear in the action, their default resulted automatically without any action on her part, and that upon the mere lapse of such period she was entitled to a default judgment. The section does not so provide. It contemplates a request or application for the entry of a default. No such request was made by plaintiff prior to the filing of her amended complaint. This new pleading superseded the original and furnished the sole basis of the cause of action. (*Morehead* v. *Turner*, 41 Cal.App.2d 414, 418 [106 P.2d 969].) The original complaint is dropped out of the case and ceases to have any effect as a pleading or *as a basis for a judgment*. (*Tidwell* v. *Henricks*, 124 Cal.App.2d 64, 66 [268 P.2d 84].) It therefore follows that the trial court ruled correctly.

The order granting a new trial is affirmed. The appeal from the judgment is dismissed. The order denying plaintiff's motion for a default judgment against defendants on her original complaint is affirmed.

Each party will bear his own costs on these appeals.

McComb, Acting P. J., and Ashburn, J. pro tem.,* concurred.

A petition for a rehearing was denied November 30, 1955, and the following opinion was then rendered:

THE In its petition for rehearing defendant-appellant Mutual Benefit for the first time attacks the sufficiency of the notice of motion for new trial to raise the issue of the sufficiency of the evidence to support the verdict. It does not appear that any objection to the asserted defect was urged in the trial court (*Bauer* v. *Helene Curtis Industries, Inc.*, 117 Cal.App.2d 66, 68-69 [254 P.2d 931]), and it is now too late to raise the point for the first time. (*Nittler* v· *Continental Cas. Co.*, 94 Cal.App. 498, 506 [271 P. 555, 272 P. 309]—opinion on denial of rehearing.)

The petitions of plaintiff and appellant and defendant and appellant for a hearing by the Supreme Court were denied December 28, 1955.

---

*Assigned by Chairman of Judicial Council.