[Civ. No. 18189.   First Dist, Div. Two.   Apr. 2, 1959.]

PACIFIC HARDWARE AND STEEL COMPANY, INC. (a Corporation), Plaintiff and Appellant, v. LEO G. CHEIM et al., Defendants and Appellants.

340

Bohnett, Hill, Cottrell & Bohnett and Hall, Henry, Oliver & McReavy for Plaintiff and Appellant.

Campbell, Custer, Warburton & Britton and William G. Clark for Defendants and Appellants.

DRAPER, J.—A fire which originated in defendant's lumber yard spread to the adjoining building of plaintiff. This action is for damages for the loss sustained by plaintiff. The fire was started by three 7-year-old boys who were playing with matches in a building called the "tank house" which, although located on defendant's property, was but slightly used in his business. It is not wholly clear whether plaintiff's case was tried on the theory that defendant proximately contributed to spread of the fire by negligent maintenance of his property (*Reid & Sibell* v. *Gilmore & Edwards Co.,* 134 Cal. App.2d 60 [285 P.2d 364]), or facilitated its start by letting combustible waste materials accumulate in the small building and by failing to reasonably guard against assertedly foreseeable use of that building by children for play.

Judgment was entered upon jury verdict in favor of plaintiff. After hearing on defendant's motion for new trial, the court filed memorandum opinion which concluded with the statement "motion for a new trial . . . is hereby granted." The next day, order granting new trial "on the ground of insufficiency of the evidence to justify the verdict" was filed. Plaintiff moved to set aside the second of these orders, and that motion was granted. Plaintiff (by notice filed before the order of vacation) appeals from both orders granting new trial, and defendant appeals from the order vacating the second new trial order.

Disposition of the appeal from the first order will determine the issues. The question is whether that order was based upon the ground of insufficiency of the evidence to sustain the verdict. The portion of the order relevant to that question is:

"The second proposition advanced by defendants presents a more serious question and that is whether the evidence produced by the plaintiff indicates evidence having sufficient probative weight to indicate that the defendants were negligent in the maintenance of their premises, particularly the tank house and if that evidence, assuming it supports the plaintiff's position that the defendants were negligent, was of sufficient strength to indicate that that negligence was the proximate and direct cause of the fire which destroyed plaintiff's property. It is felt that the evidence adduced at the trial by the plaintiff through the testimony of the two boys directly connected with the fire and that of Carol Johnson, who was the first person except the boys to see the fire, fails to

substantiate a finding by the jury that the negligence of the defendants in properly maintaining their property was the direct and proximate cause of the jury [sic] and that the tank house as testified to by the boys and Miss Johnson was an attractive nuisance. True the property was not guarded nor was it fenced and there was testimony that children played in or about the premises with the knowledge of the defendants, but it is not felt that that knowledge would place the defendants on notice that children or others would enter upon the property with matches and proceed to so carelessly play with such matches as to cause the same to ignite the tank house which in turn spread to the lumber yard and thence to the plaintiff's property. While no California cases have been cited, nor have we been able to locate any, we are convinced that based upon cases of *Moody* v. *Gulf Ref. Co.*, 142 Tenn. 280 [218 S.W. 817; 8 A.L.R. 1243] and *Aune* v. *Oregon Trunk Ry.*, 151 Ore. 622 [51 P.2d 663], that the negligence of the defendants if any was not the proximate cause of the injury and that such negligence is the proximate cause only when the injury is the natural and probable result of it and in the light of attending circumstances it ought to have been foreseen by the defendants. Here there is nothing to indicate that any third person would bring a dangerous substance, to wit: Matches, upon the premises and by lighting them start a fire.

"It is therefore concluded that the defendants' motion for a new trial ought to be and the same is hereby granted."

■ An order which is general and does not designate the ground on which it was granted, i.e., "Motion for a new trial . . . granted" (*Renfer* v. *Skaggs*, 96 Cal.App.2d 380 [215 P.2d 487]) must be presumed to be based upon grounds other than insufficiency of the evidence (Code Civ. Proc., § 657; *Pierce* v. *Nash*, 126 Cal.App.2d 606, 611 [272 P.2d 938]).
■ But there is no rigid formula for the statement that the order is based upon insufficiency of the evidence. The order as a whole is to be construed. If it may be inferred from the language used that such insufficiency is the ground, the order must be held to have been based upon such ground. (*Secreto* v. *Carlander*, 35 Cal.App.2d 361, 364-365 [95 P.2d 476]; *Lucerne Country Club* v. *Beal*, 21 Cal.App.2d 121, 126-127 [68 P.2d 408].) ■ If the order "uses any language that reasonably can be construed as including insufficiency of the evidence, the language will be interpreted as including that ground." (*Piru Citrus Assn.* v. *Williams,* 95 Cal.App.2d 911, 915 [214 P.2d 426].)

In the light of these rules, the order before us must be construed to specify insufficiency of the evidence to support the decision as a ground for granting the new trial. The order states that the question to be determined is whether the evidence has "sufficient probative weight to indicate that the defendants were negligent in the maintenance of their premises" and was "of sufficient strength to indicate that that negligence was the proximate . . . cause of the fire." This statement of the issue to be determined makes clear that the court's conclusion was based upon insufficiency of the evidence. The language appears to us even clearer than that of the somewhat comparable order considered in *Piru Citrus Assn.* v. *Williams, supra.*

Plaintiff stresses those portions of the order which could be construed to suggest that the court believed liability could be imposed only if the specific event which caused the fire was foreseeable by defendant. Such a view seems too narrow. (*McEvoy* v. *American Pool Corp.*, 32 Cal.2d 295 [195 P.2d 783] ; *Mosley* v. *Arden Farms Co.*, 26 Cal.2d 213 [157 P.2d 372, 158 A.L.R. 872].) But the order by no means compels the conclusion that the court applied an erroneous rule of law in weighing the sufficiency of the evidence. Both negligence and proximate cause are, in the circumstances here presented, questions of fact. The order of the trial court must be construed to be based upon the insufficiency of the evidence on these two issues to sustain the verdict.

Plaintiff does not strongly argue that the evidence does not warrant such an order. We have reviewed the record and find conflicting evidence as to the presence of combustible waste materials in the tank house and as to the steps taken to guard against entry of children. Also, there is room for conflicting inferences as to whether a reasonable standard of care was met in maintenance of other portions of the lumber yard. Thus there is no such abuse of discretion as to warrant reversal of the order. (*Brooks* v. *Metropolitan Life Ins. Co.*, 27 Cal. 2d 305, 307 [163 P.2d 689].)

The concluding sentence of the memorandum makes clear that it is an order granting a new trial. Thus it was conclusive and the trial court had no power, save under circumstances not present here, to enter another new trial order. (*Drinkhouse* v. *Van Ness*, 202 Cal. 359, 369-370 [260 P. 869].)

An order wholly beyond the power of the trial court may be vacated by it despite the pendency of an appeal.

(*Svistunoff* v. *Svistunoff*, 108 Cal.App.2d 638, 641-642 [239 P.2d 650].)

The first order granting new trial and the order vacating the second such order are affirmed. The appeal from the second order granting new trial is thus rendered moot, and that appeal is dismissed. Costs are awarded to defendant.

Kaufman, P. J., and Dooling, J., concurred.

A petition for a rehearing was denied May 1, 1959, and the petition of plaintiff and appellant for a hearing by the Supreme Court was denied May 27, 1959.