[Civ. No. 18075.  First Dist., Div. One.  Aug. 26, 1959.]

GAIL D. MORGAN, Appellant, v. SOUTHERN PACIFIC
COMPANY (a Corporation), Respondent.

William T. Belcher, Jr., for Appellant.

R. Mitchell S. Boyd, Richard S. Hawkinson and Dunne,
Dunne & Phelps for Respondent.

WOOD (Fred B.), J.—In this action, brought under the sanction of the Federal Employers' Liability Act, the jury awarded plaintiff damages in the sum of $1,200.

After submission of plaintiff's motion for new trial the court, on October 3, 1957, entered a minute order in these words: "Defendant Southern Pacific Co. having agreed to pay the additional sum of $800 plus the verdict of $1200, the Motion for New Trial is denied." On October 7, the following minute order was made: ". . . the order of Court denying motion for new trial on condition defendant Southern Pacific Company pay . . . plaintiff the sum of $2000 is amended nunc pro tunc as of October 3rd, 1957, to add the following: that in addition to pay the sum of $2000, defendant Southern Pacific Company is taxed with costs." On October 10, the order of October 3 was "amended to add to the judgment previously entered in the total sum of $2000 this phrase: 'that Defendant Southern Pacific can be further taxed for costs.'"*

Plaintiff has appealed from the judgment and claims that the trial court erroneously sought without plaintiff's consent to impose additur as a condition for denying plaintiff's motion for a new trial.

We might accommodate him by reducing the judgment to $1,200, the amount of the jury award, and then affirm it. But that is not what he desires. He wants a new trial, a jury trial, and seeks a reversal of the judgment in order to get it.

He invokes the landmark case of *Dorsey* v. *Barba*, 38 Cal.2d 350 [240 P.2d 604]. In that case the trial court denied plaintiff's motion for new trial on condition that the defendant consent to an increase of award in an amount fixed by the court (p. 355 of 38 Cal.2d). The trial court expressly decided that the damages were inadequate and ordered a new trial limited to the issue of damages alone unless defendant filed his consent to the indicated increase. Upon the filing of such consent, the increased judgment was entered. It recited all of the pertinent facts and specifically stated that prior to making the conditional order the court had " 'found that the evidence was insufficient to support each of the verdicts hereinabove set forth in that the damages awarded each of said

---

*On October 15, 1957, plaintiff filed a "Notice of Denial for New Trial" stating "that plaintiff, Gail D. Morgan, declines and refuses to accept said sum of $2,000.00 . . . and refuses to agree to a settlement of said cause on said basis."

respective plaintiffs was inadequate.' '' (*[Cal.App.] 226 P.2d 677, at 682.) The record showed that the jury awards barely covered the amount of the plaintiffs' special damages, leaving nothing for general damages. The finding that the jury award lacked support in the evidence was, therefore, correct and a new trial should have been granted. The attempt to thwart plaintiffs' right to a new trial before a jury (by increasing the judgment without plaintiffs' consent) was prejudicially erroneous. Accordingly, the judgment had to be reversed.

■ How are we in the instant case going to spell any such set of facts out of the record before us as a basis for reversing the judgment in this case? Plaintiff-appellant has furnished a clerk's transcript only. He has provided us neither with a reporter's transcript nor with an agreed or settled statement. All that the clerk's transcript shows, pertinent to this inquiry, is the text of the orders above quoted and plaintiff's notice of motion for new trial; nothing by which to test the accuracy of his asserted right to a new trial. In the absence of such a showing, plaintiff has failed to meet the burden, as appellant, of demonstrating that the judgment rests upon prejudicially erroneous action of the trial court. An affirmance is clearly indicated.

We note in passing that plaintiff is also faced with the problem of reading into the orders under review a finding that the verdict was inadequate and lacked support in the evidence. The code says that when a new trial is granted upon the ground of insufficiency of the evidence to sustain the verdict or decision "the order shall so specify this in writing and shall be filed with the clerk within ten days after the motion is granted; otherwise, on appeal from such order it will be conclusively presumed that the order was not based upon that ground." How can plaintiff spell any such finding out of the orders under review? If his notice of motion for new trial had specified that ground only, he might invoke the principles enunciated and applied in such cases as *Ice-Kist Packing Co.* v. *J. F. Sloan Co.*, 157 Cal.App.2d 695, 696 [321 P.2d 840]; *Cox* v. *Tyrone Power Enterprises*, 49 Cal.App.2d 383, 389-390 [121 P.2d 829]; *Piru Citrus Assn.* v. *Williams*, 95 Cal.App.2d 911, 914-916 [214 P.2d 426]; *Legg* v. *Mutual Benefit H. & A. of Omaha*, 136 Cal.App.2d 887, 890-892 [289 P.2d 550, 290 P.2d 87]; *Van Ostrum* v. *State*, 148 Cal.App.2d

---

*A hearing was granted by the Supreme Court on March 12, 1951. The final opinion of that court is reported in 38 Cal.2d 350 [240 P.2d 604].

1, 3-5 [306 P.2d 44]. ■ But in our case the notice of motion specified all of the grounds (except "excessive damages") mentioned in section 657 of the Code of Civil Procedure. That makes it like *Bray* v. *Rosen*, 167 Cal.App.2d 680 [335 P.2d 137], in which the notice of motion for new trial cited five different grounds, including insufficiency of the evidence. That made it impossible for the reviewing court to say that "the trial court in its purely generalized order did not base its order on misconduct of the jury or errors in law occurring at the trial, and excepted to by the party making the application. Nor can we tell whether or not the trial court felt that one of these matters had misled the jury and that for that reason the damages were too much, or too little. The decision may not be made in this court by mere surmise, and we cannot rewrite the portion of section 657, Code of Civil Procedure, that is above quoted." (P. 762.)

We conclude that the judgment must be affirmed. This does not mean that we approve of additur. It means merely that plaintiff-appellant has not, by the appeal record furnished, shown a basis for reversal. He has shown that the trial court increased the amount of the judgment. He has not furnished a record from which we may determine that he was injured or aggrieved by such increase.

The judgment is affirmed.

Bray, P. J., and Tobriner, J., concurred.