Herman J. MAIER, Florence Maier, and Herman J. Maier as Guardian ad Litem of Patricia Maier, Darlene Maier, Connie Lou Maier, Donald Maier and Douglas Maier, Minors, Plaintiffs,

and

Florence Maier, Plaintiff and Respondent,

v.

Anton HOLZER, Defendant and Appellant.

No. 8033.

Supreme Court of North Dakota.

July 25, 1963.

Adam Gefreh, Linton, for defendant and appellant; Dale H. Jensen, Sp. Asst. Atty. Gen., Bismarck, of counsel.

Vogel, Ulmer & Bair, Mandan, for plaintiff and respondent.

MORRIS, Chief Justice.

This is an action for damages growing out of an automobile accident. The plaintiffs allege that their damages resulted from the negligence and carelessness of the defendant, Anton Holzer, in operating an automobile. The defendant answers by way of general denial and further alleges contributory negligence on the part of the plaintiff Herman J. Maier, who at the time of the accident was driving an automobile in which the other plaintiffs were riding.

The answer alleges that the injuries to the plaintiffs were directly and proximately caused by the negligence and unlawful operation of an automobile driven by the plaintiff Herman J. Maier.

The jury returned a verdict dismissing the action of Herman J. Maier and rendered a verdict against the defendant in favor of Florence Maier for $300, and in favor of the guardian of the minor children for $1,200. A motion of Herman J. Maier for a new trial was denied, and no appeal taken. The judgment in favor of the guardian was not challenged.

The plaintiff Florence Maier moved the trial court for an additur in the amount of an additional sum of $2,500, over and above the verdict returned in her favor, upon the ground that the amount of the verdict is grossly inadequate. A new trial is asked upon the issue of damages only. After hearing the motion, the court ordered:

" * * * that the motion of Florence Maier for a new trial on the issue of damages only is granted; however, such motion is conditional that if defendant shall consent and stipulate and shall within fifteen (15) days execute and deliver to plaintiff's attorneys a stipulation consenting that the verdict be increased in the sum of Two Thousand Five Hundred and no/100 ($2,500.00) Dollars, and the total verdict in the case raised to the sum of Two Thousand Eight Hundred and no/100 ($2,800.00) Dollars, then, and in such case, the said motion of the plaintiff Florence Maier shall be denied."

The order is dated February 9, 1962, and was served on the defendant on February 15. An appeal from the order by the defendant was perfected March 22, 1962. The defendant did not consent to the additur.

■■ In challenging the correctness of the order, the appellant presents three issues: (1) that the trial court committed prejudicial error in holding that the verdict is not justified by the evidence; (2) that the court erred in granting plaintiff Florence Maier's motion for a new trial on the issue of damages; and (3) that the trial court committed prejudicial error in granting the plaintiff an additur as a condition for denying a new trial. The first two issues are one in substance and will be considered as such. They present the question of the sufficiency of the evidence to sustain the verdict of the jury as against the trial court's determination that the verdict of the jury was inadequate under the evidence.

In Haser v. Pape, 78 N.D. 481, 50 N.W 2d 240, we said:

"Where the evidence discloses that damages awarded by a jury are inadequate to a degree incommensurate with substantial justice, the trial court may grant a new trial on the theory that the verdict was not justified by the evidence."

In Deschane v. McDonald, N.D., 86 N.W. 2d 518, we held that whether a new trial should be granted because of inadequate damages presents a question which lies primarily within the sound discretion of the trial court and his decision upon that

question will not be disturbed except for an abuse of discretion. We also said:

"The granting of such a new trial should be considered with the utmost caution."

In California, as in North Dakota, statutory provisions prescribing grounds for a new trial do not expressly include the ground of inadequacy of damages, but it is held that a new trial may be granted upon the ground of insufficiency of the evidence for the reason that damages awarded by the jury are inadequate. Legg v. Mutual Benefit Health and Accident of Omaha, 136 Cal. App.2d 887, 289 P.2d 550, 290 P.2d 87; Miller v. Atchison, Topeka & Santa Fe Ry. Co., 166 Cal.App.2d 160, 332 P.2d 746. These cases also hold that the determination of the trial court granting a new trial on the ground of inadequacy of damages will not be disturbed on appeal unless an abuse of discretion clearly appears.

Florence Maier, with other members of her family who were injured in the accident, was taken to a hospital at Linton, North Dakota, immediately following the accident, where she was attended by Dr. Orchard. He testified that Mrs. Maier received treatment for abrasions of both knees, that her left shoulder and the left side of her head had received a considerable amount of trauma; there were large bruisings; there was soreness in the area of the upper left mandibular joint. She was X-rayed and found to have a depressed fracture of the zygomatic arch, which is the rounded cheekbone. She was in the hospital at Linton for two days following the accident and then transferred to the care of Dr. Vinje, an orthopedic surgeon, in Bismarck.

The parties stipulated the testimony of Dr. Vinje, which shows that Mrs. Maier was referred to him on November 2, 1959, because of an injury to the left side of her face; she was given an anaesthetic on November 4, at which time the depressed fracture of the cheekbone was elevated through an open incision in her face. After two days, she was referred to Dr. Orchard at Linton for further care.

The plaintiff Florence Maier testified that she was at the St. Alexius Hospital at Bismarck, where she received the treatment described by Dr. Vinje; that she had a broken bone in her face, which the doctor lifted off of a nerve that was being pressed by the bone that was pushed in. The operation was conducted under an anaesthetic. She had severe pain prior to the operation. The pain continued after the operation, and to some extent for a couple of months. The injuries still caused her some trouble, with sharp pains, at the time of trial. She continued to take medication for the pain. She also suffered an injury to her shoulder that still bothered her when she was doing her housework. It affected the grasp of her hand, particularly when she was washing dishes. The injury to one knee continued to cause her difficulty when kneeling to scrub. Her injuries required her to have household help for over a year after the accident. On the other hand, there is testimony that she was pregnant at the time of the accident, and it is argued that some of her difficulty may have resulted from the pregnancy.

The trial court had the same opportunity to hear the testimony and observe the witnesses as did the jury which assessed Mrs. Maier's damages at the sum of $300. In his memorandum opinion the court stated that the testimony of the doctors, her hospitalization, and the time required for her recovery indicate that Mrs. Maier did suffer serious personal injuries and that he felt that the verdict is not in accordance with the evidence and for those reasons granted a new trial on the ground that the sum of $300 is entirely inadequate compensation for her injuries.

█ This court has repeatedly held that a motion for a new trial on the ground of insufficiency of the evidence to support the verdict invokes the discretion of the trial

court, but this discretion is a legal one to be exercised in the interest of justice. Kohlman v. Hyland, 56 N.D. 772, 219 N.W. 228; Schnell v. Northern Pacific Ry. Co., 71 N.D. 369, 1 N.W.2d 56; Delaloye v. Kaisershot, 72 N.D. 637, 10 N.W.2d 593.

In discussing the abuse of discretion by the trial court in granting a new trial, the Supreme Court of South Dakota, in Root v. Bingham, 26 S.D. 118, 128 N.W. 132, says:

"'Abuse of discretion' in granting a new trial does not necessarily imply intentional wrong, but in such a case discretion is abused, when in its exercise a court exceeds the bounds of reason; all circumstances before it being considered."

In Ohio the rule prevails that one new trial may be granted where the final order, judgment or decree is not sustained by sufficient evidence. In Poske v. Mergl, 169 Ohio St. 70, 157 N.E.2d 344, the court, after stating that a motion for a new trial with reference to the weight of the evidence is addressed to the sound discretion of the trial court, says:

"It follows that, where there is a motion for a new trial upon the ground that the judgment is not sustained by sufficient evidence, a duty devolves upon the trial court to review the evidence adduced during the trial and to itself pass upon the credibility of the witnesses and the evidence in general. It is true that, in the first instance, it is the function of the jury to weigh the evidence, and the court may not usurp this function, but, when the court is considering a motion for a new trial upon the sufficiency of the evidence, it must then weigh the evidence. A court may not set aside a verdict upon the weight of the evidence upon a mere difference of opinion between the court and jury. * * * But, where a court finds a judgment on a verdict manifestly against the weight of the evidence, it is its duty to set it aside."

Later in the opinion it is also said:

"From what we have said, it follows that, in order to reverse the action of a court in granting a new trial upon the weight of the evidence, it is necessary to show an abuse of discretion upon its part, and we have held that the meaning of the term, 'abuse of discretion,' in relation to the sustaining of a motion for a new trial implies an unreasonable, arbitrary or unconscionable attitude upon the part of the court."

We would point out that the rules of discretion and its abuse discussed here are applicable only to a consideration of the evidence on a motion for new trial on the ground of insufficiency of the evidence and has no application to motions for judgment notwithstanding the verdict wherein the court is asked not only to set aside the verdict but to itself render judgment on the ground that the moving party is entitled to a judgment as a matter of law.

█ The trial court determined that the evidence clearly fixed liability on the part of the defendant and that the sum of $300 as damages for the injuries of Florence Maier was entirely inadequate and incommensurate with substantial justice. We have examined the evidence and find that the determination of the trial court was well within the bounds of reason under the circumstances disclosed by the evidence. It follows that the trial court did not abuse his discretion in granting a new trial on the ground of insufficiency of the evidence to sustain the verdict.

█ The last issue presented by the appellant's brief is that the court erred in providing the condition in his order granting the new trial that if the defendant would consent to the addition of the sum of $2,500 to the verdict, then in such case the motion should be denied. The trial court determined that the verdict was not supported by the evidence. He then gave the appellant the choice of accepting an additur of $2,500, or retrying the case. He granted

plaintiff's motion for a new trial and by the additur gave the defendant and appellant the privilege of avoiding a new trial by paying the sum set forth in the additur. The defendant chose not to accept the privilege that had been extended to him. If the granting of the additur on the part of the trial court was error, which we do not here decide, it was error favorable to the appellant and certainly not prejudicial to him. It deprived him of no rights and imposed no burden upon him. Its presence in the order does not adversely affect him. He can not complain in this Court. Error that is not prejudicial is not reversible error. 5 Am.Jur.2d, Appeal and Error, Sections 776, 784; 5A C.J.S. Appeal and Error § 1676. The order appealed from is affirmed.

STRUTZ, TEIGEN and BURKE, JJ., concur.

ERICKSTAD, J., not being a member of this Court at the time of submission of this case, did not participate.