*81 The opinion of the Court was drawn up by
Walton, J.
The plaintiff claims to recover of the defendant for an alleged malicious prosecution of a civil suit. To do so, he must prove that the suit was instituted maliciously and without probable cause. Malice is a question of fact for the jury. Probable cause, upon established facts, is a question of law. If the presiding Judge is of opinion that the facts admitted, or clearly established, are not sufficient to prove a want of probable cause, he must either nonsuit the plaintiff, or direct the jury to find a verdict for the defendant. The better course is for the Judge to non-suit the plaintiff, for it is idle to submit to the jury a question that can be answered only in one way. In Davis v. Hardy, 6 B. & C., 225, D. & R., 380, which was an action for maliciously indicting the plaintiff, the plaintiff proved a case which, in the opinion of the Judge, showed that there was no reasonable or probable cause for preferring the indictment. The defendant then called a witness to prove an additional fact, and, that being proved, the Judge was of opinion that there was reasonable or probable cause, and it was held that, there being no contradictory testimony as to that fact, and there being nothing in the demeanor of the witness, who proved it, to impeach his credit, the Judge was not bound to leave it to the jury to find the fact, but that he might act upon it as a fact proved, and nonsuit the plaintiff.
When, in any case it is clear that, upon the evidence, a verdict for the plaintiff cannot stand, and that, in the end, judgment must be rendered for the defendant, what good reason can be assigned for submitting the case to the jury ? If their verdict is right, nothing is gained; and, if it should happen to be wrong, it must be set aside. To withhold a case from the jury is no greater interference than to set aside their verdict. To set aside their verdict impliedly impeaches either their intelligence or their integrity, and tends to lessen public confidence in the usefulness of the *82 institution. A nonsuit may sometimes be ordered as properly after evidence has been introduced in defence, and for the same reason, as before ; as, for instance, where the point on which the nonsuit is based is not discovered or sufficiently considered at the moment the plaintiff closes his .evidence, and the evidence in defence does not relate to or in any way affect that point. If, however, a contrary rule is to be regarded as established in this State, it is clear, upon reason and authority, that actions for malicious prosecution are exceptions to it; and that the objection to the nonsuit in this case, that it was entered after evidence had been introduced in defence, and was based in part upon the facts thus established, cannot be supported.
I am also of opinion that, upon the plaintiff’s own showing, and the uncontroverted and clearly established facts proved in defence, the defendant had probable cause for commencing the suit against the plaintiff. That suit was for an alleged false disclosure, as trustee, in a suit .by the present defendant against Hawks & Talpey, and the present plaintiff, as trustee.- Cooper,-the present plaintiff, disclosed that, in the fore part of Eeb., 1857, he sold a brig belonging to Hawks & Talpey for $12,000, and received the pay; and that, before the trustee writ was served on him, he had settled with Hawks & Talpey, and given them his notes for upwards of $8,000; and that, at the time of the service of the trustee writ on him, which was Feb. 24, 1857, he was not indebted to them for anything except these notes, and that he paid them at maturity. Hawks afterwards swore, in his disclosure as a poor debtor, that the proceeds of the sale of the brig were left in Cooper’s hands, -to settle with their creditors, and that a final settlement with him did not take place till July 31, 1857 ; that, on that day, there remained in his hands of the proceeds of the sale of the brig, $280,27. If this disclosure of Hawks was true, (and it is not apparent that he had any motive to misrepresent,) Cooper had disclosed falsely, and ought not to have been discharged. „ The fact testified to by Cooper, himself, that *83 he had offered to pay Waldron, or give him a note, if he would tato seventy-five cents on a dollar, was evidence of funds in his hands for the purpose, and tended strongly to confirm the truth of Hawks’ statement. These facts were not only sufficient, but could hardly fail to create in the mind of Waldron, a strong conviction that Cooper had disclosed falsely.
A careful examination has failed to disclose any errors in the rulings of the presiding Judge, in admitting or excluding evidence ; or in refusing to allow the plaintiff to file an additional count for an alleged abuse of legal process; or that the plaintiff was in any way prejudiced by any of these rulings. Exceptions overruled; Nonsuit to stand; and Judgment for defendant.
Kick, Cutting, Davis and Kent, JJ., concurred.