No. 2,370.

JOHN W. GEARY, APPELLANT. *v.* ORRIN SIMMONS (Administrator of the Estate of BEZER SIMMONS, deceased), RESPONDENT.

PRACTICE. — ACTION AGAINST ADMINISTRATOR. — JUDGMENT ROLL. — EVIDENCE OF PRIOR SUIT. — In an action against an administrator *de bonis non*, the judgment roll in a former suit by the same plaintiff, for the same cause of action, against a prior administrator, is competent and conclusive evidence of the institution of said former suit.

IDEM. — ALLEGATIONS IN A FORMER SUIT — ADMISSIBILITY AS EVIDENCE. — Material allegations of the complaint in a suit against a prior administrator must be taken as admissions of the truth of the matters so alleged against the same plaintiff in a subsequent action against the administrator *de bonis non* of the same estate, for the same cause of action, and will be binding and conclusive upon him in the absence of any evidence tending to establish that such allegations were made by mistake or under a misapprehension of the real facts.

IDEM. — NONSUIT. — A Court is justified in granting defendant's motion for nonsuit, after the evidence on both sides has been heard, in a case where, if the motion had been denied and a verdict found for plaintiff, it would have been set aside as not supported by, but contrary to, the evidence.

APPEAL from the District Court of the Fourth District, City and County of San Francisco.

This is an action brought against A. Hollub, administrator of the estate of Bezer Simmons, deceased, in which Orrin Simmons was substituted as defendant, he having succeeded said Hollub as administrator. The complaint was filed on the 16th of September, 1869, and was for the recovery of the sum of $62,000, with interest at the rate of five per cent. per month from the 11th day of August, 1850, due on a promissory note, of which the following is a copy:

"$62,000.            SAN FRANCISCO, Aug. 11th, 1850.

"For value received, we promise to pay to John W. Geary, or order, sixty-two thousand dollars, on demand, with interest at five per cent. per month.

"SIMMONS, HUTCHINSON & Co."

Indorsed as follows:

"I guarantee the payment of the above note.

"B. SIMMONS."

The case was tried before a jury on the 7th day of January, 1870, and, after plaintiff had closed his testimony, defend-

(T.)

ant offered, among other evidence, the judgment roll in a suit commenced by the said John W. Geary, in the Fourth District Court of the County of San Francisco, on the 11th day of August, 1851, against Frederick Billings, administrator of the estate of Bezer Simmons, deceased.   The complaint in which case, after setting forth the cause of action, which was the same as that set forth in the present suit, concludes as follows:

And the said plaintiff further says, that after the giving of the said last mentioned note, and the said guarantee, the said Bezer Simmons departed this life intestate ; and afterwards, to wit: on the first day of March, A. D. one thousand eight hundred and fifty-one, administration of the estate of said Bezer Simmons was granted to the defendant, Billings, and letters of administration, whereby he was appointed administrator of the said estate, were duly issued to him by the Probate Court of the County of San Francisco.   And the plaintiff further says, that after the giving of the last mentioned note and guaranty, and prior to the decease of the said Bezer Simmons, the said firm of Hutchinson & Co. became insolvent, and that all the surviving members of said firm are insolvent, both as members of said firm and in their individual estate, and that said last mentioned promissory note remains unpaid, and the same is wholly due.

And plaintiff says that he has a claim against the estate of Bezer Simmons for the sum of $62,000, the amount of said last mentioned note, with interest thereon at the rate of five per cent. per month from the 11th day of August, 1850, the date thereof ; and that after the appointment of the said Frederick Billings as administrator of said estate, to wit: on the 7th day of August, 1851, the plaintiff presented and exhibited his said claim, with the necessary vouchers, to the defendant, administrator as aforesaid, for allowance, pursuant to the statute entitled "An Act to regulate the settlement of the estates of deceased persons," and that said claim was rejected by said administrator.

Plaintiff's counsel here inquired of the defendant's counsel the purpose for which said judgment roll was offered ; to

which defendant's counsel replied that he offered it for the purpose of proving the issuance of letters of administration to Frederick Billings, the presentation of the claim, the rejection of it, suit brought upon it, and that the suit was finally dismissed.

Plaintiff's counsel then objected to the offer in evidence of said judgment roll, on the ground that the same was not the best evidence of said presentation of claim, nor of the issuance of letters to Billings; that the statements in the complaint in said action were merely the admissions of the attorney therein, and were not admissible in any other action than that in which the admission was made; and that there was no evidence of issuance of letters to Billings, or of the presentation of plaintiff's claim to him.

Which objections being overruled by the Court, plaintiff excepted.

After the testimony on both sides was closed, defendant's counsel moved for a judgment of nonsuit, which motion was granted by the Court, and judgment entered for defendant; from which judgment plaintiff appealed.

*J. M. Seawell,* for Appellant.

The Court erred in ordering a nonsuit. The plaintiff proved a sufficient case for the jury. (Practice Act, Secs. 148, 149.)

The plaintiff's claim is not barred by the Statute of Limitation. The defendant is a trustee for the creditors to the extent of assets — he is only liable at all to that extent—and but for special statutory provisions, no limitation would apply. (McClintock's Appeal, 29 Penn. 360; *Magraw* v. *McGlynn,* 26 Cal. 420.)

By our statute the creditor, if he had no notice of the publication of notice to creditors by reason of absence from the State, may present his claim at any time before final distribution. (Probate Act, Sec. 130; *Price* v. *Merchants' Bank,* 29 Md. 375; *Estate of Taylor,* 10 Cal. 482; *Quivey* v. *Hall,* 19 Cal. 100; *Cullerton* v. *Mead,* 22 Cal. 98, 99; *Crosby* v. *McWillie,* 11 Tex. 94.)

The Court erred in admitting in evidence the judgment roll in *Geary* v. *Billings.*

The offered evidence must be restricted to the purpose for which it is offered. (*Roff* v. *Duane,* 27 Cal. 565; *Henry* v. *Everts,* 29 Cal. 610.)

The judgment roll was certainly not the *best* evidence of the facts which it was offered to prove. The best evidence that Billings was administrator, is the proceedings in the Probate Court and the letters of administration issued to him. The best evidence of the claim presented—which the law requires to be in writing—is the writing itself.

The statements in the complaint in *Geary* v. *Billings* are not even secondary evidence. They are merely the statements and admissions of the attorney in that action, and are not evidence in any other action. The complaint was not signed or verified by the plaintiff himself. (1 Phillips on Evidence, 420, 5th Am. Ed. note 141; *Meachum* v. *McKay,* Oct. Term, 1869; *Wilkins* v. *Stidger,* 22 Cal. 238.)

*B. S. Brooks,* for Respondent.

The complaint did not state facts sufficient to constitute a cause of action. We object to the introduction of any evidence under the complaint on this ground.

This is an objection that may be taken advantage of at any time (*Gould* v. *Glass,* 19 Barb. 186; *Montgomery Co. Bank* v. *Albany City Bank,* 3 Selden, 464; *Higgins* v. *Freeman,* 2 Duer, 659; *Budd* v. *Bingham,* 18 Barb. 494), and the complaint may be properly dismissed on this ground. (*Montgomery Co. Bank* v. *Albany City Bank,* 3 Selden, 464.)

The allegations of the complaint are, that the plaintiff had no notice or knowledge, before the month of June, A. D. 1869, that letters of administration had been issued to *Hollub,* or that *he* had published notice to the creditors of said deceased; but he does not allege that he had not notice and knowledge of the grant of letters of administration to the predecessor of said Hollub, nor that he had not presented his claim to said administrator.

The evidence presented by the plaintiff did not make out any cause of action.

The only evidence presented by him was the deposition of the plaintiff, and it contains the same defect as the complaint. He says nothing at all about the letters of administration issued to Billings, or the proceedings under that administration; he does not deny that he saw notice to creditors published by him, and presented his claim in 1850, and that it was rejected; and that he brought suit on it, or what became of that suit. But he contents himself with denying, that he heard of the letters granted *to Hollub, de bonis non;* or of any notice, published *by him,* until June, 1869.

This evidence clearly did not tend to make out any cause of action, and the plaintiff, therefore, was properly nonsuited.

The evidence offered by the defendant showed conclusively, that the plaintiff was not entitled to recover; and it was, therefore, the duty of the Court to nonsuit the plaintiff—because, when the evidence is such that if the jury found a verdict for the plaintiff the Court must set it aside, the Court should order a nonsuit. (*Ringgold* v. *Haven,* 1 Cal. 108; *Mateer* v. *Brown, Id.* 221; *Ensminger* v. *McIntire,* 23 Cal. 593; *Fobb* v. *Collins,* 21 Wend. 169; *Jansen* v. *Asher,* 23 Wend. 480; *Rudd* v. *Davis,* 3 Hill, 287.)

Defendant also proved, that this same claim was presented to him as administrator *de bonis non,* in August, 1862, and rejected by him. No suit was commenced against Hollub, upon this claim, within those months after the rejection; but it was again presented in 1869, rejected, and this suit brought.

The Statute of Limitations commenced running against the claim from the time it was presented to Billings. (*Ricketson* v. *Richardson,* 19 Cal. 330; *Quivey* v. *Hall, Id.* 97; *Smith* v. *Hall, Id.* 85.)

The judgment roll in *Geary* v. *Billings' Executor,* was properly admitted. (1 Greenl. on Evidence, Secs. 27, 169, 204, 205, 527 *a.*)

The record of judicial proceedings is *conclusive* evidence that such proceedings took place, or as is usually said of *rem ipsam.*

This evidence would be admissible for this purpose

against all the world, and would be *conclusive* (4 Cow. & Hill's Phil. on Ev. 3d ed. pp. 42–7, Note 26 to p. 22, and Note 27 to p. 25) ; and the complaint filed is admissible, also, as a *solemn admission.* (1 Greenl. on Ev. Sec. 527 *a.*) The fact that the admission indicates other written or record evidence would be no objection. (4 Cowen & Hill's Phillip on Ev. 3d ed. p. 453, Note 251 to p. 241 ; 3 *Id.* p. 611 ; Pennington, 166 ; 4 Bibb. 14, 17, 391–2 ; 6 Mon. 52, 56.) But the law of 1850 did not provide for any record of the letters of administration, or any entry of the fact that they had issued.

The appearance, by an attorney at law, in a Court of record, is appearance of the party; the declarations are his own ; and even if the attorney is considered as an agent, his declarations in the course of his employment bind his principal. Again, it is not *res inter alios acta.* The former and present administrators are in privity.

If a creditor *has not presented his claim* because he had no notice, in consequence of his absence from the State, he may undoubtedly present his claim at any time before distribution ; but then he should allege and prove : First—That he had not presented his claim. Second—Because he had no notice. Third—By reason of his absence from the State. On all these points the plaintiff fails.

The presumption is that notice was given. In 1850 no record was made of the order of publications, or of proof of the fact. (Laws 1850, p. 387, Sec. 129.)

It is immaterial whether the suit of *Geary* v. *Billings* was dismissed or not. It could not have been dismissed for the reason that Billings was not administrator, and that no claim had been presented to him, because these facts were admitted by the answer.

It is contended that the Court could not grant a nonsuit after evidence is given by the defendant. We think there can be no question now as to the right of the Court to do this. The rule is well laid down in *Ringgold* v. *Haven* (1 Cal. 114) : ''If the evidence would not authorize a jury to find a verdict for the plaintiff, or if the Court would set it aside, if so found as contrary to evidence, in such case *it is the duty of the Court to nonsuit the plaintiff;*'' and the lan-

guage of the Court in *Pratt* v. *Hall* (13 Johns. 334), is quoted with approbation : "This must be a power vested in the Court. It results necessarily from thus being made the judges of the law of this case, *where no facts are in dispute. It is a prime question of law, whether under a given state of facts the plaintiff is in law entitled to recover.*" But the precise question, whether a nonsuit is proper in such case after the defendant has put in his testimony and the case is closed, has been repeatedly decided in New York and in England. (*Davis* v. *Hardy*, 6 Barn. & Cress. 225 ; *Stuart* v. *Thompson*, 1 Wend. 376, 379 ; *Demyer* v. *Sawyer*, 6 Wend. 436–8 ; *Wilson* v. *Williams*, 14 Wend. 146 ; *Foot* v. *Collins*, 21 Wend. 109 ; *Jansen* v. *Asher*, 23 Wend. 480.) The subject was renewed in the case of *Rudd* v. *Davis* (3 Hill, 287), and the rule approved on principle and authority, and on appeal to the Court of Errors (7 Hill, 529) the judgment was unanimously affirmed.

And since the adoption of the Code in *Somer* v. *Meeker* (25 N. Y. 361), it was held "where *undisputed evidence establishes a complete defense* to the action, and there is no conflicting evidence, and nothing proper to be submitted to a jury, it is *the duty of the Court* to dismiss the complaint, or nonsuit the plaintiff, or direct a verdict for the defendants.

There is nothing in our Practice Act that requires any different ruling. The Court is authorized to grant a nonsuit if the plaintiff "fails to prove a sufficient case for the jury." That does not mean sufficient when he rests, but sufficient when the evidence is closed. If the evidence is then not sufficient to warrant a verdict in his favor, he has not found "a sufficient case for the jury," and it is the duty of the Court to nonsuit him.

Therefore, we submit to the Court, that the judgment for nonsuit was right : First—Because the complaint does not state facts sufficient to constitute a cause of action. Second—Because the evidence produced by the plaintiff did not tend to prove facts sufficient to constitute a cause of action. Third—Because the uncontradicted evidence introduced by defendant was such, that a verdict for the plaintiff could not be sustained.

SPRAGUE, J., delivered the opinion of the Court:

The judgment roll in the case of this plaintiff against Billings as administrator of the estate of Bezer Simmons, deceased, was competent and conclusive evidence against the plaintiff in this suit that such suit was commenced by him in August, 1851, against Frederick Billings, administrator of the estate of Bezer Simmons, deceased, to establish by judgment against said estate the identical claim upon which said suit is based; that Frederick Billings, as administrator of said estate, answered plaintiff's complaint in that suit; and that the only issue presented by such pleadings, was as to the existence of an indebtedness of said estate to the plaintiff.

The material allegations of the complaint in that case must be taken as the solemn admissions of the plaintiff of the truth of the matters so alleged, as against the same plaintiff in this suit, which, though not regarded as conclusive against him as an estoppel, yet presumptively true; and, in the absence of any evidence on his part tending to establish that such allegations were made by mistake or under misapprehension of the real facts, binding and conclusive upon him, in this case, as established facts.

Among the facts so established, *prima facie*, by that record evidence, are the following: That Bezer Simmons died intestate between the eleventh day of August, 1850, and the first day of March, 1851; that on the first day of March, 1851, administration of the estate of said Bezer Simmons was granted to Frederick Billings; and letters of administration, whereby he was appointed administrator of the said estate, were duly issued to him by the Probate Court of the County of San Francisco; that after the appointment of the said Frederick Billings as administrator of said estate, to wit: on the seventh day of August, 1851, the plaintiff presented and exhibited his said claim, with the necessary vouchers, to the said Frederick Billings, as such administrator, for allowance, pursuant to the statute entitled "An Act to regulate the settlement of the estates of deceased persons;"

and that said claim was rejected by said administrator. As these facts are affirmatively alleged in plaintiff's complaint in that case, and were material allegations, they operate as evidence against him in this suit, by way of admission; and as, on the trial of this case, plaintiff did not attempt to rebut the presumption of the truth of these allegations, or by his own affidavit or other evidence endeavor to explain or show that these allegations were made under a mistake or misapprehension of the real facts, the force and legal effect of this judgment roll as evidence at the time of defendant's motion for nonsuit, was to establish a complete and perfect bar to plaintiff's cause of action.

The Court below was fully justified in granting defendant's motion for nonsuit—for, if the Court had denied the motion and submitted the case to the jury upon the evidence, and the jury had found for the plaintiff, such verdict must have been set aside as not supported by, but contrary to, the evidence.

Judgment affirmed.

By CROCKETT, J.: I concur in affirming the judgment, on the ground that neither the complaint or the evidence exhibit any valid cause of action.

RHODES, J., dissented.

TEMPLE, J., expressed no opinion.