[No. 9,053. Department One.—February 12, 1884.]

MARIA A. VANDERFORD, APPELLANT, v. CHARLES· F. FOSTER, RESPONDENT.

PRACTICE—NONSUIT.—A court may grant a nonsuit after the evidence upon both sides has been heard, when, if the motion had been denied and a verdict found for the plaintiff, it would have been set aside as not supported by the evidence.

APPEAL from a judgment of the Superior Court of the county of Tehama, and from an order refusing a new trial.

Action to recover possession of certain wheat which plaintiff claimed as purchaser from one Mitchell. The defendant justified the taking under a writ of attachment issued to him as sheriff, at the suit of one Dicus against Mitchell. On the trial the plaintiff introduced evidence to sustain the allegations of her complaint. The defendant then introduced evidence showing that there had been no actual and continued change of possession of the wheat. The testimony being closed the defendant moved for a nonsuit, which was granted.

The further facts appear in the opinion of the court..

*John F. Ellison,* for Appellant.

*Chipman & Garter,* for Respondent.

The COURT.—In *Geary* v. *Simmons*, 39 Cal. 224, it was· held a court is justified in granting a nonsuit after the evidence on both sides has been heard in a case where, if the motion had been denied and a verdict found for the plaintiff, it would have· been set aside as not supported by the evidence. If the case· before us had gone to the jury upon the evidence in the transcript, it would have been the duty of the court to set aside a

verdict in favor of plaintiff on motion. It comes within the rule laid down in *Geary* v. *Simmons.*

We think it proper to say, however, that the practice of moving for nonsuit after the defendant's evidence is in should rarely be resorted to. Especially is this so when, as in the case at bar, the plaintiff introduced evidence to sustain all the averments of the complaint, as against a mere trespasser, and the materiality of establishing an immediate delivery and actual and continued change of possession only appeared after the defendant had made out his affirmative defense; that he was sheriff and took the property under process, etc.

Judgment and order affirmed.