[Civ. No. 362. Second Appellate District.—May 28, 1907.]

JOHN L. BOHN, Administrator of Estate of PETER BOHN, Deceased, Appellant, v. PACIFIC ELECTRIC RAILWAY CO., Respondent.

ACTION FOR DEATH—NONSUIT AT CLOSE OF EVIDENCE—CONTRIBUTORY NEGLIGENCE—CONSTITUTIONAL LAW—JURY TRIAL.—In an action for death, where it clearly appeared at the close of all of the evidence for both parties that the deceased was guilty of contributory negligence, and that if the case had been submitted to the jury it would be the duty of the court to set aside a verdict for the plaintiff, a nonsuit was properly granted. Such action of the court was not violative of the constitutional right of trial by jury.

APPEAL from an order of the Superior Court of Los Angeles County denying a new trial. Charles Monroe, Judge.

The facts are stated in the opinion of the court.

Kendrick, Knott & Ardis, for Appellant.

Bicknell, Gibson, Trask, Dunn & Crutcher, and Norman S. Sterry, for Respondent.

SHAW, J.—The defendant owned and operated an electric railway line running from the city of Los Angeles through the town of Compton to Long Beach. It appears without conflict in the evidence that on September 12, 1904, the defendant was running a car at the usual rate of speed north on Wilmington street in said town of Compton, and when approaching Main street, which crosses said Wilmington street, one Peter Bohn appeared in a vehicle, to which was hitched a team of horses which he was driving south along said Wilmington street parallel with and on the west side of defendant's tracks. The car, running at a speed of fifteen to twenty miles per hour, which was not in excess of the usual speed, was approaching the crossing at which there was a sign, "Railroad, Look out for the Cars," and its approach was in plain view of said Peter Bohn; the usual signal whistle was given and the gong was kept going. There was nothing in Bohn's manner which indicated that he contemplated trying to cross the track until the car had reached a point about sixty to ninety feet from the crossing, when he suddenly turned his horses upon the track, with the result that a collision occurred, in which said Peter Bohn was killed. His administrator sues for damages.

At the close of plaintiff's evidence defendant moved for a nonsuit, which was denied. Defendant then introduced its evidence and renewed its motion for a nonsuit, which motion the court granted, and judgment was entered for defendant. Plaintiff's motion for a new trial was denied, and he appeals from that order.

The error assigned is the order granting the motion for nonsuit.

It is not claimed that the deceased was not guilty of gross negligence, as he clearly was, but it is contended that the motorneer in charge of said car saw the deceased upon the track in time to have stopped the car, and by the exercise of ordinary care he could have stopped the car after he saw the danger to which said deceased was exposed by reason of his position.

Appellant contends that the action of the court in granting the motion was in violation of section 2101 of the Code of Civil Procedure, and section 7, article I of the constitution of this state, which provides: "The right of trial by jury shall be secured to all, and remain inviolate." Like constitu-

tional provisions are contained in the organic law of every state in the Union; yet, notwithstanding this fact, the courts of last resort recognize the right of the trial judge in proper cases to direct a verdict in favor of the plaintiff, or to grant a nonsuit. The practice has from the earliest date in the history of this state received judicial sanction. In *Ringgold* v. *Haven,* 1 Cal. 115, the court says: "If, therefore, upon a given state of facts, a court would be obliged to set aside a verdict of the jury as against the evidence, we see no reason or propriety in submitting such facts to them for their consideration. When their determination will be a nullity, why compel them to deliberate? Such a course is neither creditable to the law, nor complimentary to the jury." This language was cited with approval in *Mateer* v. *Brown,* 1 Cal. 221, [52 Am. Dec. 303]; and again in *Geary* v. *Simmons,* 39 Cal. 224, the court says: "A court is justified in granting defendant's motion for nonsuit, after the evidence on both sides has been heard, in a case where, if the motion had been denied and a verdict found for plaintiff, it would have been set aside as not supported by, but contrary to, the evidence." In *Fox* v. *Southern Pacific Co.,* 95 Cal. 234, [30 Pac. 384], a second motion for nonsuit was made and granted after all the evidence was in. In reviewing this ruling the court says: "Practically, therefore, the real question in the case at bar is whether or not the court abused its discretion in holding that the evidence was insufficient to support the verdict; and it is clear to us, from an examination of the evidence, that this question must be answered in the negative." To the same effect is *Vanderford* v. *Foster,* 65 Cal. 49, [2 Pac. 736], and *Fagundes* v. *Central Pacific R. R. Co.,* 79 Cal. 97, [21 Pac. 437]. In *Estate of Morey,* 147 Cal. 495, [82 Pac. 57], the court in discussing a similar question says: "With regard to the granting of a motion for nonsuit made at the close of the evidence for plaintiff and defendant, the rule seems to be well established that the trial court has discretion, and that it is not error to grant the motion where, upon all the evidence, it is clear that if a jury should bring in a verdict against the defendant it would be the duty of the court to set it aside and order a new trial." To the same effect is *Estate of Dole,* 147 Cal. 188, [81 Pac. 534]. Nor is the practice confined to this state. Quoting from *Cooper* v. *Waldron,* 50 Me. 81: "When in any case it is clear that upon the evi-

dence verdict for the plaintiff cannot stand, that in the end judgment must be rendered for the defendant, what good reason can be assigned for submitting the case to the jury? If their verdict is right, nothing is gained; and if it should happen to be wrong, it must be set aside. To withhold a case from the jury is no greater interference than to set aside their verdict. To set aside their verdict impliedly impeaches either their intelligence or their integrity, and tends to lessen public confidence in the usefulness of the institution. . . . If the presiding judge is of the opinion that the facts admitted or clearly established are not sufficient to prove a want of probable cause, he must either nonsuit the plaintiff or direct the jury to find a verdict for the defendant. The better course is for the judge to nonsuit the plaintiff, for it is idle to submit to the jury a question that can be answered in only one way.'' And in *Reed* v. *Inhabitants,* 8 Allen, 522, the court held: ''Where the whole evidence introduced by the plaintiff, if believed by the jury, is so insufficient to support a verdict that the court would not permit one to stand, it is the duty of the court to instruct the jury, as a matter of law, that there is not sufficient evidence to warrant a verdict for plaintiff.''

''Judges are no longer required to submit a case to the jury merely because some evidence has been introduced by the party having the burden of proof, unless the evidence be of such a character as that it would warrant the jury to proceed in finding a verdict in favor of the party introducing such evidence.'' (*Byrd* v. *Southern Express Co.,* 139 N. C. 273, [51 S. E. 851].)

''There is in every case a preliminary question, which is one of law, namely: Whether there is any evidence upon which the jury could properly find the verdict for the party on whom the onus of proof lies. If there is not, the judge ought to withdraw the question from the jury and direct a nonsuit, if the onus is on the plaintiff, or direct a verdict for the plaintiff if the onus is on the defendant.'' The above is the English rule as expressed by Mr. Justice Willes in *Rider* v. *Wombell,* L. R. 4 Ex. 38, and the same rule obtains in practically all of the states of the Union. Measured by this rule, the question before us is one solely of an abuse of discretion by the trial court; and upon the evidence as dis-

5 Cal. App.—40

closed by the record we are firmly convinced there was no abuse of discretion on the part of the court in making the order of which appellant complains. The evidence in support of the allegation that the motorman operating the car could, by the exercise of ordinary care, have stopped the car after he had become aware of the dangerous position occupied by deceased, is not only meager, but of a character entitling it to little, if any, weight. Had the case been submitted to the jury and a verdict for plaintiff followed, it is clear that it would have been the duty of the court to have set the same aside and ordered a new trial. Under such conditions, no good purpose could be subserved by submitting the case to the jury. The same object is accomplished by a shorter legal route in ordering a nonsuit. As said in *Estate of Morey,* 147 Cal. 495, [82 Pac. 57], the practice is only justified in very clear cases, and where there is even an approach to a substantial conflict in the evidence, the issue should be left with the jury.

The right of the court to set aside a verdict which is unwarranted by the evidence is beyond question. We are unable to perceive any constitutional distinction between the exercise of such right and the right to order a nonsuit in a proper case at the close of the evidence. There was no abuse of discretion in granting the motion for nonsuit, and the order denying a new trial is affirmed.

Allen, P. J., and Taggart, J., concurred.