Filed 8/20/25  Hegerle v. Mazda Motor of America CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| DEENA S. HEGERLE,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>MAZDA MOTOR OF AMERICA, INC.,<br><br>Defendant and Respondent. | F087056<br><br>(Super. Ct. No. 17CV-03235)<br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Merced County.  Brian L. McCabe, Judge.

Law Offices of Jim O. Whitworth and Jim O. Whitworth for Plaintiff and Appellant.

Horvitz & Levy, John A. Taylor, Jr., Benjamin P. Covington; Beatty & Myers, Sean D. Beatty, John W. Myers IV and Erik J. Ekblad for Defendant and Respondent.

-ooOoo-

Deena S. Hegerle, who claimed she bought a Mazda vehicle with a defective transmission, brought this action against Mazda Motor of America, Inc. (Mazda), for breach of express and implied warranties under the Song-Beverly Consumer Warranty Act (Civ. Code, § 1790 et seq.) (the Act).  Hegerle appeals from the judgment entered in

Mazda's favor after the trial court granted Mazda's motion for nonsuit. The judgment further awarded Mazda $6,662.88 against Hegerle's counsel for unpaid sanctions that were imposed during the litigation, and $18,466.26 in costs against Hegerle.

On appeal, Hegerle contends the trial court erred in: (1) granting the motion for nonsuit, which deprived her of a jury trial; (2) allowing Mazda to repair a broken water pump belt so it could complete an inspection of the vehicle; and (3) awarding costs with the judgment. For the reasons discussed below, Hegerle has not satisfied her burden of demonstrating error. Accordingly, we affirm the judgment.

## PROCEDURAL BACKGROUND[1]

Hegerle filed this action in 2017, alleging Mazda breached express and implied warranties under the Act. Specifically, Hegerle alleged her Mazda vehicle had a "defective transmission."

---

[1] The procedural background is taken from Hegerle's appellant's appendix, and Mazda's respondent's appendix. We note that appellant's appendix is both technically and substantively deficient. "The California Rules of Court require an appellant who elects to proceed by appendix to include, among other things, any document filed in the trial court which 'is necessary for proper consideration of the issues, including … any item that the appellant should reasonably assume the respondent will rely on.'" (*Jade Fashion & Co., Inc. v. Harkham Industries, Inc.* (2014) 229 Cal.App.4th 635, 643; Cal. Rules of Court, rule 8.124(b).) "Where the appellant fails to provide an adequate record of the challenged proceedings, we must presume that the appealed judgment or order is correct, and on that basis, affirm." (*Jade Fashion*, at p. 644.)

The deficiencies in appellant's appendix include: (1) missing required documents, including the judgment and orders compelling discovery and imposing sanctions or the notices of entry of those orders (Cal. Rules of Court, rules 8.124(b)(1)(A) & 8.122(b)(1)(B) & (C)); and (2) missing documents that Hegerle should have reasonably assumed Mazda would rely on, such as the meet-and-confer order Hegerle violated, and the declaration of Mazda's counsel attesting to Hegerle's counsel's failure to confer (Cal. Rules of Court, rule 8.124(b)(1)(B)). While Mazda urges us to dismiss the appeal for these failures, because Mazda filed a respondent's appendix that supplied the missing documents, we decline the request. (*Modaraei v. Action Property Management, Inc.* (2019) 40 Cal.App.5th 632, 636, fn. 6.)

2.

***Mazda Seeks to Inspect the Vehicle***

Mazda noticed a demand for inspection of the vehicle for December 5, 2018, but when the vehicle arrived, Mazda discovered the water pump belt was broken.**2** Mazda could not safely test drive the vehicle, so Mazda's counsel asked Hegerle's counsel for permission to temporarily install a new water pump belt at no cost to Hegerle and offered to either leave the new belt on or reinstall the broken belt after the inspection. Hegerle's counsel refused both options, so Mazda could only conduct a partial inspection.

Mazda moved to compel a second vehicle inspection where it could temporarily install the water pump belt so the vehicle could be road tested and requested monetary sanctions against Hegerle and her counsel. In February 2019, the trial court granted the motion but denied the request for sanctions. The trial court ordered the inspection to occur within 21 days at Mazda's expense and allowed Mazda "to replace the water pump belt as well as make any other temporary repair necessary for [Mazda]'s inspection of the vehicle, including road testing."

***Mazda's Motion to Compel Interrogatory Responses and Continue the Trial***

In February 2019, Mazda filed an unopposed motion to compel responses to form interrogatories and requested sanctions against Hegerle and her counsel. The following month, the trial court granted the motion, ordered Hegerle to respond to the form interrogatories, and awarded $750 in sanctions payable to Mazda's counsel within 10 days of notice of entry of the order.

In March 2019, Mazda filed an ex parte application to continue the trial date and discovery cutoff to permit the court-ordered vehicle inspection to proceed and for

---

**2**     Appellant's appendix contains Mazda's notice setting Hegerle's deposition for September 22, 2017, and asking her to produce documents relating to her claims. Apparently, the deposition did not go forward on that date, as according to another notice in appellant's appendix, Mazda served a second notice of Hegerle's deposition for August 1, 2018.

Hegerle to respond to form interrogatories. The trial court found good cause to continue the trial, vacated the April 9, 2019 trial date, and scheduled a trial setting conference for April 5, 2019. Only Mazda's counsel appeared at the trial setting conference and a jury trial was set for November 5, 2019.

Hegerle did not provide interrogatory responses or pay the court-ordered sanctions. Consequently, in May 2019, Mazda moved for terminating, evidence, or issue sanctions, and for an award of monetary sanctions. In her untimely opposition, Hegerle asserted she "provided [a] full and complete response to Form Interrogatories." In June 2019, the trial court denied Mazda's request for terminating, evidence, or issue sanctions because Hegerle's counsel acknowledged that Hegerle provided responses to him but he failed to provide them to Mazda, even though there was "no proof of service of the Plaintiff's responses on Defendant." The trial court ordered Hegerle to serve responses within five days after notice of entry of the court's order and awarded Mazda $1,187.50 in additional monetary sanctions payable within five days after notice of entry of the court's order. The order after hearing was filed on June 7, 2019.

***Mazda's Motions for Sanctions and to Continue the Trial***

In September 2019, Mazda moved for terminating, evidence or issue sanctions because Hegerle refused to produce her vehicle in response to the court-ordered inspection. Mazda also sought monetary sanctions against Hegerle and her counsel. Mazda asserted Hegerle's counsel refused to set up the inspection, telling Mazda it "waived any right to an inspection," and he accused Mazda's counsel of having "lied to the court" to get a trial continuance. The trial court granted the motion, ordering the inspection to occur within 15 days or as stipulated by counsel and imposing $1,500 in sanctions against Hegerle and her counsel, payable within 15 days. The court's order was filed on October 24, 2019.

In October 2019, Mazda filed an ex parte application to continue the trial and discovery cutoff to permit the court-ordered vehicle inspection to proceed. While

Hegerle filed an opposition to the application, she did not appear at the hearing. The trial court granted the application, continued the trial date to December 17, 2019, and continued the discovery cutoff only as it related to the court-ordered vehicle inspection. In November 2019, Mazda sought another trial continuance because its expert witness was not available for trial due to a prescheduled medical procedure. Hegerle did not oppose the request or appear at the hearing. Consequently, the trial court granted the application, vacated the trial date, and set a readiness conference for December 11, 2019. Hegerle did not appear at the readiness conference. The trial court granted Mazda's counsel's oral motion for a new court trial, which it set for March 24, 2020.

In December 2019, Mazda again moved for terminating, evidence or issue sanctions, and requested monetary sanctions. Mazda asserted Hegerle repeatedly refused to comply with the court-ordered vehicle inspection and failed to pay court-ordered sanctions. Hegerle filed an opposition to the motion. At a January 14, 2020 hearing, the trial court denied the motion for terminating sanctions but awarded Mazda $3,225.38 in additional monetary sanctions. The court ordered the parties to meet and confer and to have the vehicle inspection completed by February 14, 2020. The parties were directed to submit a memorandum to the court with their agreement on the inspection.

Mazda filed an ex parte application to advise the court of the status of the vehicle inspection and to request a trial continuance, which was heard on February 14, 2020. Mazda advised the court that its expert witness could not complete the vehicle inspection by the date set because he was recovering from surgery, which required a continuance of the trial date. Hegerle did not submit written opposition to the request or appear at the hearing. The trial court granted the request for discovery to remain open for the limited purpose of completing the vehicle inspection and set a trial setting conference for May 14, 2020. Thereafter, the trial setting conference was continued three times due to the COVID-19 pandemic, with the conference finally set for January 10, 2022.

5.

In August 2021, Mazda filed another motion for terminating, evidence or issue sanctions, which included a request for monetary sanctions, on the ground that Hegerle repeatedly refused to comply with the court orders to produce her vehicle for inspection and to pay sanctions. The motion was set for hearing on September 2, 2021.[3]

Mazda's counsel submitted a declaration in which he explained why Mazda filed the motion. Mazda's counsel asserted that about a month after the court ordered the vehicle inspection in October 2019, Hegerle agreed to a date and time for the inspection. Mazda served a notice of inspection for that date, and Mazda's counsel and its expert made travel and lodging arrangements and scheduled the vehicle to be towed to a dealership. The Friday before the Monday inspection, which was a court holiday, Hegerle's counsel e-mailed Mazda's counsel that the inspection was "cancelled." Mazda's counsel responded in an e-mail that Mazda "intend[ed] on having the vehicle towed to the dealer and inspected as planned." On Monday, Mazda's counsel and expert traveled from Los Angeles to Fresno for the 9:00 a.m. inspection, but Hegerle's vehicle never arrived. Mazda's counsel later learned the vehicle was not delivered because Hegerle's counsel threatened to sue the tow-truck operator and report the vehicle as stolen. Mazda's counsel asserted that over the next 18 months Mazda repeatedly sought to confirm a new date for the vehicle inspection, but Hegerle's counsel did not respond.

Hegerle filed an opposition to the motion, claiming that she did not prevent Mazda from inspecting the vehicle and the vehicle was towed to the dealership. Hegerle's counsel submitted a declaration in which he stated he did not object to the vehicle inspection. He claimed he traveled to Fresno for the inspection, as he was unsure from Mazda's e-mail whether it was cancelled, but neither defense counsel nor the expert

[3] On December 4, 2020, Mazda served objections to Hegerle's first amended notices to take the depositions of the persons most knowledge on why Mazda failed to repair or repurchase the vehicle and regarding all warranty work performed, which were scheduled for December 10, 2020. The record does not show whether these depositions were taken.

appeared at the dealership. Hegerle's counsel asserted it was defense counsel who failed to go forward with the inspection.

The trial court found there was insufficient evidence to determine what occurred and who was at fault for the failed inspection and continued the matter to September 27, 2021. The trial court gave the parties a final opportunity to meet and confer about completing the inspection, but if a stipulation was not in place by the hearing date, the court would appoint a receiver to take possession of the vehicle and facilitate the inspection, with the parties equally bearing the cost.

Mazda filed a status report on September 23, 2021, which indicated Hegerle continued to refuse to produce the vehicle for inspection and reiterated Mazda's request for terminating sanctions. Mazda's counsel asserted Hegerle's counsel initially agreed to an inspection date, but when Mazda's counsel sent him a proposed stipulation, he refused to sign it, stating he did not care if the court appointed a receiver, as Mazda would pay for it in the end because it did not have a defense. Hegerle's counsel wanted the stipulation to include "all discovery issues," claiming Mazda failed to produce witnesses, but when Mazda's counsel asserted the court order only required a stipulation addressing the inspection, Hegerle's counsel responded that it was Mazda's counsel's "opinion of what means all issues surrounding are yours." Hegerle's counsel rebuffed Mazda's counsel's attempt to limit the stipulation to the inspection.

On September 27, 2021, the trial court ordered Hegerle and her counsel to pay the $6,662.88 in sanctions ordered to date, which remained unpaid, and appointed a receiver, with authority to take possession of the vehicle and schedule the inspection. Each side was ordered to pay half of the receiver's fees and costs.

A stipulation and order regarding the vehicle inspection was filed on September 30, 2021, which stated the vehicle inspection would occur on October 6, 2021. On October 18, 2021, the trial court dropped Mazda's sanctions motion due to the stipulation and released the receiver.

7.

*The Pretrial and Trial Proceedings*

There were further delays in scheduling the trial due to the reduction of court services in response to the COVID-19 pandemic.  In August 2022, the trial court set a trial readiness conference for April 14, 2023, and a jury trial for May 16, 2023.  At the April 2023 trial readiness conference, the parties declared they were ready for trial.  A hearing on motions in limine was set for May 8, 2023, and the jury trial was confirmed for the date set.

The trial court subsequently issued a meet-and-confer order.  The order required the parties to meet and confer, and to lodge a joint statement of the case and joint witness list.  These documents, including individual trial briefs, witness-order lists, proposed pretrial jury instructions, trial briefs, and motions in limine, were ordered to be filed or lodged six court days before trial, and exhibits and proposed posttrial jury instructions were to be submitted on the first day of trial.

On April 27, 2023, Mazda filed an ex parte application to continue the trial on the grounds that its expert witness was unavailable due to college final exams.  Hegerle filed written opposition to the application, arguing there was not good cause for the continuance because it would prejudice her.  At the hearing the following day, the trial court granted Mazda's request and continued the trial to June 6, 2023.  Motions in limine remained set for May 8, 2023.

Mazda filed its motions in limine on April 28, 2023.  Only Mazda's counsel appeared at the May 8, 2023 hearing on those motions.  The trial court noted it received eight motions in limine from Mazda's counsel, while it did not receive any motions in limine or responses to Mazda's motions from Hegerle.  The trial court ruled on Mazda's motions.

On May 26, 2023, Mazda filed the following documents:  (1) a statement of the case; (2) a witness list; (3) notice of witness testimony order; (4) proposed pretrial jury instructions; (5) a trial brief; and (6) two declarations from Mazda's counsel.  In one

8.

declaration, Mazda's counsel stated joint documents were not filed because Hegerle's counsel failed to respond to Mazda's counsel's e-mail with drafts of the joint trial documents. In the other declaration, Mazda's counsel informed the court that Hegerle's counsel failed to pay any of the previously ordered sanctions. On June 5, 2023, Mazda's counsel filed its proposed posttrial jury instructions and exhibit list.

On June 6, 2023, the day trial was set to begin, Mazda's counsel and Hegerle's counsel were present, but Hegerle was absent.[4] The trial court noted Hegerle's counsel failed to file any documents in preparation for trial as required by the court's meet-and-confer order. Hegerle's counsel requested a continuance, representing to the court that he was in the middle of two trials—he was finishing one trial in Orange County and awaiting a verdict in another. Mazda's counsel made an oral motion for nonsuit. After argument by counsel, the trial court vacated the jury trial and granted Mazda's motion for judgment of dismissal and found judgment for Mazda.

That same day, after these proceedings, Hegerle's counsel filed a request to dismiss the complaint without prejudice. The following day, Mazda's counsel filed an objection to the request for dismissal, arguing Hegerle could not voluntarily dismiss the case after nonsuit was granted.

### The Trial Court's Written Ruling

On June 8, 2023, the trial court filed an order granting Mazda's motion for nonsuit. The trial court stated that in reaching its decision, it considered the case's lengthy procedural history and repeated discovery motions and delays. The trial court found that Hegerle's counsel had not paid any of the $6,662.88 in sanctions previously ordered and had not complied with the meet-and-confer order, as counsel had not filed any of the listed documents. The trial court "note[d] that trial by ambush has long been

---

[4] Although the June 6, 2023 proceeding was electronically recorded, there is no reporter's transcript, or agreed or settled statement, of that proceeding because Hegerle elected to proceed without a record of the oral proceedings.

9.

abolished in California.  The Court has afforded all due process in this matter.  The Court finds that proceeding with trial would be tantamount to trial by ambush, in violation of public policy."

The trial court found Hegerle's counsel's representations to be disingenuous as they contradicted either opposing counsel's statements made under penalty of perjury, himself, or the record.  With respect to Hegerle's counsel's representations that he was finishing up a trial in one case and awaiting a verdict in another matter, the trial court found:  (1) both matters were bench trials; (2) in the trial he was finishing up, final briefing was due the night before and he only needed to submit a request for judicial notice; and (3) in the other trial, the evidentiary phase was concluded and the matter was taken under submission, which meant the judge had 90 days to file and serve its opinion.

The trial court pointed out that although Hegerle's counsel repeatedly claimed he was unaware that attorney Sean Beatty was Mazda's trial counsel and he believed attorney Erik Ekblad was Mazda's trial counsel because he always dealt with Ekblad, Ekblad stated in his February 2019 declaration for Mazda's mandatory settlement conference statement that Beatty would be trial counsel in the matter.  The trial court stated that while Hegerle's counsel claimed he repeatedly communicated with Ekblad by phone and text regarding various court-ordered filings, Beatty noted no such conversations occurred as reflected in Ekblad's declarations.  The trial court noted that Ekblad's May 26, 2023 declaration reflected that Hegerle's counsel failed to confer with Mazda's counsel.

While Hegerle's counsel stated he was unable to find the telephone number for the Merced Superior Court civil department, the trial court noted that Mazda's firm used the number to communicate with the court, and the number was available on the Merced Superior Court's website and in the court's tentative rulings in this matter.

While Hegerle's counsel asserted this was his first request for continuance and the delays in the case and trial continuances were attributable solely to Mazda's counsel or

10.

expert, the case's procedural history demonstrated that it was Hegerle's conduct, not Mazda's, that necessitated the continuances. Mazda filed numerous motions to compel and at least four requests for terminating sanctions against Hegerle for her or her counsel's failure to produce the vehicle for inspection or to compel discovery responses.

The trial court found that Hegerle's counsel's conduct suggested he knew in advance he would not be prepared to proceed with trial that day as: (1) he did not file any court-ordered trial documents; (2) Hegerle herself did not appear for trial; (3) her counsel drove from Orange County to Merced to request a continuance; and (4) her counsel did not provide any information concerning the witnesses he would call or the documents he would offer as exhibits.

Finally, the trial court found that Hegerle's counsel did not avail himself of the ex parte procedure to request a continuance in advance of the jury trial. By failing to do so, counsel caused the court to incur unnecessary cost and consumption of time and energy in preparing for trial and calling community members for jury service, as well as Mazda's time and cost to prepare and travel to court, with counsel and a Mazda representative both in attendance.

The trial court addressed Hegerle's oral request for continuance, which it denied because Hegerle's counsel failed to request a continuance in advance of trial as required by California Rules of Court,[5] rule 3.1332(b), even though her counsel represented he was in trial over the past two weeks and did not intend to proceed with the scheduled trial. The trial court found that Hegerle's counsel was not currently engaged in trial in Orange County, and he did not provide any declarations under penalty of perjury setting forth facts on which the continuance request was based. Therefore, his request lacked sufficient basis under the factors stated in rule 3.1332, and he failed to make an affirmative showing of good cause requiring a continuance.

---

[5]    All further undesignated rules references are to the California Rules of Court.

11.

As for Mazda's oral motion for nonsuit, the trial court explained that on the first day of trial it orally granted the motion for nonsuit with a written ruling to follow. The trial court explained its reasons for granting the motion. The court issued the meet-and-confer order in accordance with its standard procedures to ensure the orderly conduct of trial proceedings and in its inherent power to control the litigation. Mazda complied with those orders to the best of its ability while Hegerle's counsel did not. The trial court stated there must be some sanctions for violating an order to exchange witness lists, which may include the exclusion of evidence. The trial court recognized the timing of Mazda's motion for nonsuit may have been unorthodox, as generally a motion for nonsuit is procedurally appropriate after the plaintiff completed either her opening statement or the presentation of evidence, but it was not without precedent.

The trial court determined the legal issue here is identical to what would have been presented had Mazda moved for nonsuit after a jury was impaneled and opening arguments made, and the result would have been the same. Given that the motion for continuance was denied, Hegerle herself was not present for trial, and Hegerle's counsel did not disclose any witnesses or exhibits to opposing counsel or the court, the trial court found that allowing trial to proceed with nondisclosed evidence would constitute trial by ambush and infringe on Mazda's due process rights. Moreover, Hegerle's counsel made no offer of proof that he had any competent, relevant, or material evidence to present.

Consequently, the trial court exercised its discretion to consider only the evidence Hegerle disclosed to opposing counsel and the court, which was nothing and which made nonsuit appropriate. Since there was insufficient evidence to permit the jury to find in Hegerle's favor, the trial court granted the motion for nonsuit.

The trial court ordered judgment in favor of Mazda and against Hegerle. The trial court further ordered the monetary sanctions awarded during discovery were enforceable through execution of judgment laws, had the force and effect of a money judgment, and were immediately enforceable through execution, and that judgment should be entered in

12.

favor of Mazda and against Hegerle's counsel in the amount of $6,662.88, which was the full amount of the unpaid sanctions.

### *The Memorandum of Costs and Judgment*

On June 20, 2023, Mazda filed a memorandum of costs in which it sought $18,466.26 in costs. Subsequently, Mazda apparently submitted a proposed judgment to the trial court. On August 11, 2023, Hegerle filed objections to Mazda's proposed judgment, asserting there was "no proper order or judgment nor a notice of entry of judgment or order permitting a Memorandum of Costs to be filed," the memorandum of costs was premature as no prior proposed judgment was filed and served as a final court order, and there was no entry of judgment.

On August 14, 2023, the trial court entered judgment in Mazda's favor and against Hegerle. In addition to stating that Mazda is entitled to judgment and Hegerle is to take nothing, the judgment states Mazda is entitled to judgment against Hegerle's counsel in the amount of $6,662.88, and Mazda is entitled to recover $18,466.26 in costs from Hegerle.

### **DISCUSSION**

### I. *The Motion to Dismiss the Appeal*

As a threshold matter, we address Mazda's motion to dismiss the appeal pursuant to the disentitlement doctrine. Mazda asserts we should apply the doctrine because Hegerle had an "attitude of contempt to legal orders" throughout the litigation when: (1) she violated two trial court orders directing her to permit a vehicle inspection and two trial court orders directing her to respond to Mazda's form interrogatories; (2) she failed to file the trial documents required by the trial court's meet-and-confer order; and (3) her counsel failed to pay the sanctions imposed during the litigation, which Mazda asserts remain unpaid.

"Under the disentitlement doctrine, a reviewing court has inherent power to dismiss an appeal when the appealing party has refused to comply with the orders of the

13.

trial court." (*Ironridge Global IV, Ltd. v. ScripsAmerica, Inc.* (2015) 238 Cal.App.4th 259, 265.) " 'Dismissal is not " 'a penalty imposed as a punishment for criminal contempt. It is an exercise of a state court's inherent power to use its processes to induce compliance' " with a presumptively valid order.' " (*In re E.M.* (2012) 204 Cal.App.4th 467, 474.) Thus, "[t]he doctrine may be applied in the absence of a formal judgment of contempt: all that is required is a party's willful obstruction of, or failure to comply with, trial court orders." (*In re Marriage of Hearn* (2023) 94 Cal.App.5th 380, 388.) "The doctrine 'must be applied in a manner that takes into account the equities of the individual case' [citation], and it ' "is particularly likely to be invoked where the appeal arises out of the very order (or orders) the party has disobeyed." ' " (*Id.* at p. 389.)

"Courts do not lightly apply the disentitlement doctrine," and its application is discretionary. (*Findleton v. Coyote Valley Band of Pomo Indians* (2021) 69 Cal.App.5th 736, 756–757.) In *Findleton*, the appellate court dismissed the appeal without prejudice to reinstate it if the appellant complied with the trial court's orders. (*Id*. at p. 765.)

Here, there is no need to invoke the disentitlement doctrine to induce compliance with the trial court's discovery orders because, by the trial date, Hegerle had complied with those orders as far as submitting the vehicle for inspection and providing interrogatory responses. Moreover, the doctrine cannot be used to compel compliance with the meet-and-confer order because it would be impossible for Hegerle to comply unless we reversed the judgment and order of nonsuit.

This leaves the failure to pay the sanctions awarded, which Hegerle's counsel ultimately was ordered to pay and was made part of the judgment. But as Mazda points out, only Hegerle appealed and arguably she does not have standing to challenge the sanctions that her counsel was ordered to pay. Hegerle's counsel certainly cannot challenge the sanctions since he did not appeal. Therefore, contrary to Mazda's assertion, Hegerle is not appealing an order that she is still violating, as her counsel alone is liable for the sanctions. Mazda does not cite any authority that Hegerle is responsible for

14.

sanctions her attorney was ordered to pay or explain how Hegerle herself has willfully obstructed or failed to comply with the sanctions awarded in the judgment. While Mazda cites the general rule that "attorneys are agents of their client" (*Rosenaur v. Scherer* (2001) 88 Cal.App.4th 260, 283), and notes that in *Findleton* a large portion of the misconduct consisted of attorney-driven litigation decisions (*Findleton v. Coyote Valley Band of Pomo Indians*, *supra*, 69 Cal.App.5th at pp. 752–753, 757), Mazda does not explain how Hegerle can willfully obstruct or fail to comply with an order that was not made against her.

In sum, we decline to dismiss Hegerle's appeal under the disentitlement doctrine.

## II.  *Hegerle's Burden on Appeal*

Before addressing Hegerle's arguments, we address her appellate burden. A touchstone legal principle governing appeals is that "the trial court's judgment is presumed to be correct, and the appellant has the burden to prove otherwise by presenting legal authority on each point made and factual analysis, supported by appropriate citations to the material facts in the record; otherwise, the argument may be deemed forfeited. [Citations.] [¶] It is the appellant's responsibility to support claims of error with citation and authority; this court is not obligated to perform that function on the appellant's behalf." (*Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655–656.)

More specifically, "the appellant must present each point separately in the opening brief under an appropriate heading, showing the nature of the question to be presented and the point to be made; otherwise, the point will be forfeited." (*Keyes v. Bowen*, *supra*, 189 Cal.App.4th at p. 656; rule 8.204(a)(1)(B).) Headings and coherent arguments are required in appellate briefs " 'to lighten the labors of the appellate tribunals by requiring the litigants to present their cause systematically and so arranged that those upon whom the duty devolves of ascertaining the rule of law to apply may be advised, as they read, of the exact question under consideration, instead of being compelled to extricate it from the mass.' " (*Keyes v. Bowen*, at p. 656.)

15.

In other words, it is not this court's role to construct theories or arguments that would undermine the judgment and defeat the presumption of correctness. Rather, an appellant is required to present a cognizable legal argument in support of an issue, otherwise we may deem the issue abandoned and we need not discuss it. (*Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699–700.) "Issues do not have a life of their own: if they are not raised or supported by argument or citation to authority, we consider the issues waived." (*Jones v. Superior Court* (1994) 26 Cal.App.4th 92, 99.)

In addition, appellant's opening brief must "[p]rovide a summary of the significant facts limited to matters in the record." (Rule 8.204(a)(2)(C).) An appellant must provide *proper* citations to the record, by citing to the volume and page number where the matter appears. (See rule 8.204(a)(1)(C) [matters referenced from the record in appellate briefs must be supported "by a citation to the volume and page number of the record where the matter appears"]; *Critzer v. Enos* (2010) 187 Cal.App.4th 1242, 1258, fn. 12.) "It is incumbent upon the parties to an appeal to cite the particular portion of the record supporting each assertion made. It should be apparent that a reviewing court has no duty to search through the record to find evidence in support of a party's position." (*Williams v. Williams* (1971) 14 Cal.App.3d 560, 565.)

A reviewing court may not consider alleged facts that are outside of the appellate record. (*CIT Group/Equipment Financing, Inc. v. Super DVD, Inc.* (2004) 115 Cal.App.4th 537, 539, fn. 1.) We cannot accept counsel's arguments on appeal as facts. (*Fierro v. Landry's Restaurant Inc.* (2019) 32 Cal.App.5th 276, 281, fn. 5.) The rule requiring citation to the record "applies to matter referenced at any point in the brief, not just in the statement of facts." (*Sky River LLC v. County of Kern* (2013) 214 Cal.App.4th 720, 741.)

The reviewing court may disregard statements of fact that are not supported by references to the record. (*McOwen v. Grossman* (2007) 153 Cal.App.4th 937, 947.) Moreover, to the extent a party's argument is unsupported by citations to the record, we

16.

may strike that portion of the brief and deem the argument forfeited. (*Stover v. Bruntz* (2017) 12 Cal.App.5th 19, 28; accord, *Fierro v. Landry's Restaurant Inc.*, *supra*, 32 Cal.App.5th at p. 281, fn. 5 ["appellate courts may ' "disregard any factual contention not supported by a proper citation to the record" ' " and may " ' "ignore" ' factual statements without record references"]; *Shenouda v. Veterinary Medical Bd.* (2018) 27 Cal.App.5th 500, 514 [arguments are deemed waived " ' "[i]f a party fails to support an argument with the necessary citations to the record" ' "]; *Alki Partners, LP v. DB Fund Services, LLC* (2016) 4 Cal.App.5th 574, 589 ["[a]n appellant who fails to cite accurately to the record forfeits the issue or argument on appeal that is presented without the record reference"].)

With these principles in mind, we review Hegerle's claims of error.

### III.   *Hegerle Fails to Meet Her Appellate Burden*

At the outset of her opening brief,[6] Hegerle lists issues presented for review. These can be summarized as:  (1) whether the trial court properly granted nonsuit and erroneously denied her a trial by jury; (2) whether the trial court erred in allowing Mazda to replace the water pump belt before inspecting the vehicle; and (3) whether costs were properly awarded in the judgment.  Hegerle mentions other issues throughout her brief, such as whether she should have been granted relief under Code of Civil Procedure section 473 for her counsel's failure to file the trial documents as the meet-and-confer order required, and whether the trial court erred in denying her request for a continuance.

After the issues presented for review, the brief has a summary of argument that contains no references to the record or legal citation except for one case that is irrelevant to the issues she presents.[7]  The brief next contains a statement of facts which is bereft of

---

[6]    Hegerle did not file a reply brief, so our references to Hegerle's brief are to her opening brief.

[7]    Hegerle cites *Kirzhner v. Mercedes-Benz USA, LLC* (2020) 9 Cal.5th 966, in which our Supreme Court held that where the plaintiff selected restitution for a defective vehicle

references to the record and primarily consists of Hegerle's counsel's argument. The only record references in the statement of facts are to the complaint, two of Mazda's requests for continuance, and e-mails between her counsel and Mazda's counsel. which e-mails contain facts that do not appear in the appellate record.[8] Similarly, in her discussion section, in which she purports to present her arguments on appeal, Hegerle fails to cite to the record when describing what she contends happened and fails to make any reasoned arguments with citation to authority.

For example, on Hegerle's contention that the trial court erred in granting Mazda's motion for a nonsuit, she cites summary judgment law and includes an overview of the Act, explaining its purpose, the claims that may be brought under it, the warrantor's obligations, and the available damages and remedies, without explaining how that law relates to the grant of nonsuit or her other issues. Under a heading stating the trial court erred when it granted the nonsuit, she appears to challenge the trial court's finding that Hegerle's counsel was disingenuous when he told the court that he needed a continuance because he was tied up in two trials. She asserts the trial court found she "waived the

---

under the Act and requested reimbursement for vehicle registration renewal and nonoperation fees, the fees were recoverable as incidental damages if they were incurred due to the manufacturer's breach of its duty to promptly provide a replacement vehicle or restitution under the Act. (*Kirzhner*, at pp. 969–970.) The merits of Hegerle's claim or her recoverable damages under the Act, however, are not at issue in this appeal.

[8] These e-mails are contained in appellant's appendix, but there is nothing to indicate they were filed or lodged with the trial court. Generally, an appendix must contain only documents that were filed or lodged with the superior court. (*Doppes v. Bentley Motors, Inc.* (2009) 174 Cal.App.4th 967, 988; rule 8.124(g) ["[f]iling an appendix constitutes a representation that the appendix consists of accurate copies of documents in the superior court file"].) Since the e-mails were not before the superior court, we disregard them. (*Steroid Hormone Product Cases* (2010) 181 Cal.App.4th 145, 151, fn. 6 [it is improper to include documents that were not filed with the trial court in a joint appendix and the appellate court will not consider such documents]; *Pulver v. Avco Financial Services* (1986) 182 Cal.App.3d 622, 632 [documents in appendix that were not before the trial court "must be disregarded as beyond the scope of appellate review"].)

right to jury trial because her counsel was not sufficiently engaged in trial," the trial court erroneously found the two trials were noncomplicated and did not require trial counsel's participation until completion, and to the extent she waived a jury trial, the trial court should have granted her counsel's "oral request for [Code of Civil Procedure section] 473 relief" from her counsel's failure to timely file the joint trial documents.

We cannot review Hegerle's claim of trial court error with respect to the grant of nonsuit for multiple reasons. First, we cannot review the trial court's factual finding that Hegerle's counsel was not actively involved in two trials because we do not have a record of the June 6, 2023 proceeding, when the matter was discussed. (See, e.g., *Hearn v. Howard* (2009) 177 Cal.App.4th 1193, 1201 [where appellant failed to furnish a reporter's transcript of the relevant hearing, "[w]e must … presume that what occurred at that hearing supports the judgment"].) With respect to Hegerle's argument that she should have been granted relief under Code of Civil Procedure section 473, subdivision (b), which allows the court to relieve a party from an order or proceeding taken against him or her through mistake, inadvertence, surprise, or excusable neglect, Hegerle does not point to where in the record she or her counsel made such as a request. Certainly, such a request is not mentioned in the trial court's minute order or written ruling.

Finally, Hegerle does not cite to the record or make any legal argument with citation to authority to show the trial court erred in granting Mazda's motion for nonsuit. The legal citations in this section are only to when a party waives trial by jury. (See Code Civ. Proc., § 631, subd. (f) [listing six ways a party waives trial by jury]; *Tesoro del Valle Master Homeowners Assn. v. Griffin* (2011) 200 Cal.App.4th 619, 638 [a trial court retains discretion to allow a jury trial even if there has been a waiver of such right; a trial court abuses its discretion in denying a jury trial where the other party is not prejudiced or the waiver was inadvertent].) She does not explain how those authorities show that the trial court erred in granting nonsuit on the grounds that she did not have any evidence to

support the allegations in her complaint after she failed to comply with the trial court's meet-and-confer order.[9]

Hegerle also asserts in passing that the trial court erred when it allowed Mazda to repair the water pump belt so it could complete the vehicle inspection, denied her counsel's request to continue the trial, and awarded costs in the judgment. But Hegerle does not make any reasoned argument on these points or support them by citation to authority, which results in the forfeiture of these arguments.

In sum, we conclude Hegerle has forfeited all of her claims of error. She simply has not satisfied her appellate burden of showing trial court error by citing to the record or making reasoned arguments with citation to legal authority.

## DISPOSITION

The judgment is affirmed. Costs on appeal are awarded to Mazda.

DE SANTOS, J.

WE CONCUR:

HILL, P. J.

FAIN, J.[*]

---

[9]     To the extent Hegerle complains the grant of nonsuit violated her right to a jury trial, it is well settled that granting a motion for nonsuit when the plaintiff's evidence is insufficient to support a judgment in his or her favor does not violate the constitutional right to a jury trial. (*In re Estate of Baird* (1926) 198 Cal. 490, 506; *Bohn v. Pacific Electric Ry. Co.* (1907) 5 Cal.App. 622, 623–625.)

[*]     Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

20.